In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by ARMAND E. CAMGROS and BARNET M. SACKS, Claimants. FIRM AMUSEMENT CORPORATION, JOSEPH P. DAY, INC., NEW YORK HOTEL STATLER COMPANY, INC., HOTELS STATLER COMPANY, INC., Appellants; FRANCIS J. (HAPPY) FELTON, Respondent. FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Firm Amusement Corporation, Joseph P. Day, Inc., New York Hotel Statler Company, Inc., and Hotels Statler Company, Inc., have appealed from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of an Unemployment Insurance referee holding that claimants were employees of the appellants. The sole issue is whether claimants, who were members of an orchestra under the leadership of one Felton, were employees of appellants or of Felton. The terms of the engagement at New York Hotel Statler Company, Inc., provided for an orchestra of twelve musicians, including the leader and a girl vocalist. The contract fixed the hours of employment. The agreement provided: " The orchestra shall be subject to all of the laws and regulations of the American Federation of Musicians and also Local 802." The rules and regulations of the union provided that musicians employed through contractors should be deemed employees of the principal and the contractor shall be deemed the agent of the principal. Under this provision of the contract this appellant is clearly the employer. The contract with the Hotels Statler Company, Inc., provided for an indefinite engagement. It called for an orchestra of twelve musicians, including the leader and a girl vocalist. The orchestra was at all times subject to the direction and control of the manager of the hotel, the leader of the band was instructed as to the conduct of the band and the management reserved the right to determine the character of music played. The individual members of the band were forbidden to sit at the tables of the guests. There were also certain rules as to ingress and egress. The evidence sustains the conclusion that the hotel exercised control over the members of the band. As to appellant, Firm Amusement Corporation, the contract gave that concern complete control over the members of the band. The Amusement company had the sole right to determine the number of performances which should be given. The members of the band agreed to abide by the rules and regulations of the theatre, to report for rehearsals promptly at such times as the Amusement company might require, to furnish complete orchestration of music and to eliminate any part of an act which the management might deem objectionable. Under the contract the Amusement company reserved to itself the right to cancel the agreement if the leader or any member of the band was guilty of conduct which in the opinion of the corporation was likely to bring discredit upon the theatre or the vaudeville profession. The evidence sustains the finding that this appellant exercised control over the employees. As to the appellant Joseph P. Day, Inc., the contract provided that the orchestra should perform at Brighton Beach and Manhattan Beach Park in Brooklyn. The engagement is embodied in three separate contracts. In each contract the appellant is designated as the employer. In addition to that the proof amply sustains the finding that this appellant exercised control over the members of the band. Decision of the Appeal Board unanimously affirmed, with costs to the Industrial Commissioner. Present — Hill, P, J., Crapser, Heffernan, Schenck and Foster, JJ.