K. KARNIK, Doing Business as LONDON STYLES CLOTHING Co., Plaintiff, *v.* INA R. HUTTON, Defendant.

City Court of the City of New York, Special Term, New York County, November 1, 1948.

*Sydney L. Bleicher* for plaintiff.

*A. Edw. Masters* for defendant appearing specially.

RIVERS, J. Motions numbers 75 of August 9, 1948, and 49 of August 20, 1948, have been consolidated.

The contract on its face indicates that the defendant and all the members of her band are the employees of the night club where they work. The contract of employment so designates them and is signed by the owner of the night club as employer. The defendant herself, the leader of the band, is indicated in the contract to be the representative of the employees, and she signed the contract as such representative. The contract provides for thirteen musicians plus one vocalist and the number of these employees was not made changeable at the will of the leader of the band. The contract moreover specifically stipulates: '' The employer shall at all times have complete control of the services which the employees will render under the specifications of this contract. On behalf of the employer the Leader will distribute the amount received from the employer to the employees, including himself, as indicated on the opposite side of this contract, or in place thereof on separate memorandum supplied to the employer at or before the commencement of the employment hereunder and take and turn over to the employer receipts therefor from each employee, including himself ''. Annexed to the contract is found a list of the members of the band with their names and respective weekly salaries. Thus the contract expressly reserves to the night club owner control over all employees and makes the defendant, as leader, agent of the employer in distributing to each other member of the band the specific salary mentioned in the schedule annexed to and made a part of the contract. There is

no evidence here sufficient to overcome the precise language of the contract and to indicate a relationship different than that shown by the contract.

Assuming, though I think it an unnecessary assumption, that the case of *Bartels* v. *Birmingham* (332 U. S. 126) is authority contrary to the view I take, that case is not binding upon a New York State court not dealing with a Federal tax question or a Federal social security or unemployment insurance question. There is no Federal common law; and the common law of the State of New York must be applied. Indeed, New York law would have to be followed in a Federal court when no Federal question is directly involved. (*Erie R. R. Co.* v. *Tompkins,* 304 U. S. 64.)

The New York cases on the whole support the view that defendant did not by this contract become an independent contractor and the employer of the other members of the band. (*Matter of Rogavin,* 259 App. Div. 774; *Matter of Ajello,* 259 App. Div. 949; *Matter of Roseland Amusement Co. [Corsi],* 269 App. Div. 713, affd. 295 N. Y. 913.)

*Matter of Brown* (260 App. Div. 972) is distinguishable. There, as pointed out in the court's memorandum opinion, the hotel company did not enter into any contract with the leader as agent. *Matter of Radio City Music Hall Corp.* (262 App. Div. 593) is also distinguishable, at least in relation to the element of control over the individual members of the band. *Matter of Earle* (262 App. Div. 789, affd. 286 N. Y. 610) is very different from the case at bar. In that case there was an oral agreement between the theatre and the leader of the orchestra which provided for a lump sum payment to the leader for the entire orchestra. The leader determined how much was to be paid to each musician, and the theatre had nothing to do with this.

That the defendant in the instant case may, by custom or otherwise, have the right to '' hire and fire '' does not necessarily make her an employer or put her in the position of an independent contractor insofar as the night club owner is concerned. In any large organization some supervising employee is given the right to '' hire and fire '' subordinates. At any rate the contract in the case at bar specifically reserves to the night club owner '' complete control of the services which the employees will render under the specifications of this contract ''. It contains an authorization to the defendant, as leader, '' on his behalf '' — that is, on behalf of the owner of the night club — '' to replace any employee who by illness, absence, or

for any other reason does not perform any or all of the services provided for under this contract ''. Even as to the relationship with the union, the contract makes it clear that the night club owner has direct responsibility for all members of the band.

Any other result than that here reached would be unrealistic as the members of the band would thereby be deprived of their wages in order to pay a personal debt of their leader, the defendant.

The contention that the levy was made when there was no debt due is, it seems to me, without merit. Viewing the case in the aspect most favorable to defendant, it nevertheless appears that when the attachment was levied she had already worked five days out of the six for which she was to be paid the weekly amount specified in a firm and binding contract. In these circumstances it seems to me that the defendant had at the time of the levy earned, if not all, then at least five sixths of a sum due or becoming due the next day under this contract of employment. There is also evidence to support the view that the attachment was levied on the very day the weekly salary was due; and the law disregards fractions of a day.

The contention of the defendant that the sums attached under the various attachments herein considered had been theretofore assigned to another need not give us any pause. If the alleged assignee has any rights in this connection she must assert them under section 924 of the Civil Practice Act, following the procedure indicated in that and succeeding sections of the act.

Accordingly the motion for reargument brought on by order to show cause dated August 12, 1948, is granted and upon reargument the original determination is adhered to.

The application brought on by order to show cause dated August 5, 1948, to vacate the warrants of attachment is in all respects denied.

The respective levies will, therefore, be valid only to the extent of 10% of defendant's weekly earnings, or $44, and from the levy of each separate attachment are released all sums in excess of $44.

See order filed simultaneously herewith.