HERMAN GOLDFARB et al., Plaintiffs, *v.* WOODROW C. HERMAN, Defendant.

Supreme Court, Special Term, New York County, November 23, 1948.

*Moses Polakoff* for defendant.

*Andrew D. Weinberger* for plaintiffs.

BOTEIN, J. Defendant has moved to vacate a warrant of attachment levied by the sheriff upon orchestral arrangements and upon sums claimed to be owing from a restaurant at which defendant, leader of a " name band ", and his said band are playing. The defendant claims insufficiency of the affidavit upon which the warrant was secured. This question of a claimed deficiency has been removed by the submission of a supplemental affidavit, which is a procedure authorized under section 822 of the Civil Practice Act.

The sheriff's levy upon tangible personal property excluded all of defendant's own musical instruments, alleged without contradiction to be worth about $1,000, and four orchestral arrangements, claimed by defendant at the time of the levy to be worth $400. Defendant now asserts that the remaining orchestral arrangements, highly individualized in style, have no value except to himself. This contention is disputed by plaintiffs. The court shares their viewpoint, for while the arrangements may possess great and unique worth for the defendant, they also are tangible personal property which have some value. Since the sheriff has permitted the defendant to retain his musical instruments, valued at $1,000, he has received greater exemption than he would have been entitled to under either sections 665 or 666 of the Civil Practice Act and section 912 of the Civil Practice Act, whichever of the former may have been applicable.

Defendant also attacks the warrant and the levy made upon $3,500, constituting the agreed weekly stipend which plaintiff claims to have been due from the restaurant at which defendant and his band were playing. This levy poses the question as to whom the indebtedness from the restaurant runs under the contract, and in what amounts. Clearly the sheriff cannot levy upon an indebtedness due to others than the defendant band leader.

The contract for the engagement of defendant and his band is similar to that considered by Mr. Justice RIVERS in *Karnik* v. *Hutton* (193 Misc. 909) who, upon a motion to vacate an attachment of sums due for the services of a band of musicians, reached the conclusion that the contract was one between the

owner of the night club and the members of the band, that attachment might only be made against the amount payable over and above the musicians' salaries, that the remaining balance constituted wages or earnings of the band leader, that attachment was limited to 10% of the band leader's share and that the levy was valid even if made a day prior to the date of payment for a full week's engagement. This court is in accord with his well-reasoned conclusions. The contract under consideration here provided for the employment by the restaurant of eighteen musicians, including defendant and one vocalist, and designates the defendant as the agent of the restaurant to distribute the weekly payments to the members of the band, including himself.

*Matter of Camgros* (264 App. Div. 973, affd. in part 290 N. Y. 838) and *Matter of Palmer* (266 App. Div. 705), not cited by Mr. Justice RIVERS, also support the conclusion that this contract created an employer-employee relationship between the restaurant and the musicians comprising the band, including defendant.

The salaries of musicians and the vocalist, other than defendant, as provided for in the contract with the restaurant, totalled $2,840. Therefore, the excess of $660 may be considered as the wages or earnings of defendant and subject to attachment to the extent of only 10% (*Karnik* v. *Hutton, supra*; *Morris Plan Ind. Bank* v. *Gunning,* 295 N. Y. 324). While more than this excess of $660 is expended for the payment of the entertainers, agents, press agents and the like, these cannot be characterized as restaurant employees. They are paid separately by the defendant, not mentioned in the contract with the restaurant, and clearly the restaurant would not be liable to them for their salaries. As to such salaries and payments, the defendant's liability would seem to be that of an independent contractor.

In accordance with the procedure indicated by the Court of Appeals in the *Morris Plan* case (*supra,* pp. 331, 332), the warrant should be amended so that it will direct the sheriff to attach no more than 10% of amounts in excess of $2,840, payable by the restaurant under the contract. Settle order.