■ In the Matter of ANNA L. GLASER et al., as Trustees of ESSEX PROFIT SHARING TRUST, Appellants, v. WILLIAM ROSENBERG et al., Respondents.— Orders entered December 22, 1967 and on or about January 25, 1968, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the application is granted, directing the respondent, William Rosenberg, to deliver to the Sheriff of Nassau County the membership certificate which is the subject of the motion. Aside from the questionable validity of the alleged transfer to the respondent's attorney, done without notice to or approval of the club's board, the proper remedy for the assignee-attorney, if so advised, was to seek a determination of his alleged rights as an adverse claimant pursuant to CPLR 6221. The respondent could not challenge the attachment on the ground that title has been assigned to a third person. " Such an attack may only be mounted by the third persons ". (*Katz* v. *Liston*, 22 A D 2d 205.) This was the rule under the former Civil Practice Act (Civ. Prac. Act, § 924) and despite some change in the CPLR language, there has been no change in this respect. (*Katz* v. *Liston*, *supra*.) " The contention of the defendant that the sums attached under the various attachments herein considered had been theretofore assigned to another need not give us any pause. If the alleged assignee has any rights in this connection she must assert them under section 924 of the Civil Practice Act, following the procedure indicated in that and succeeding sections of the Act." (*Karnik* v. *Hutton*, 193 Misc. 909, 912; *Goldfarb* v. *Herman*, 193 Misc. 302.) In the matter before us, the mere statement of the respondent that he had assigned the certificate, in the absence of an adverse claim pressed by the assignee pursuant to the statute, is completely unavailing. Concur — Botein, P. J., Steuer, Capozzoli, McGivern and Rabin, JJ.