■ FITCHBURG YARN COMPANY, Appellant, v. WALL & COMPANY, INC., Respondent.— Judgment, Supreme Court, New York County, entered on May

10, 1973, dismissing the petition in this special proceeding brought pursuant to CPLR 6214 (subd. [d]) unanimously reversed, on the law, and vacated, and the matter remanded for an assessment of amount of respondent's liability to petitioner. Petitioner-appellant shall recover of respondent-respondent $60 costs and disbursements of this appeal. Petitioner, on October 17, 1972, obtained an order of attachment against the property of Seaboard Dyers Corp., and, two days later, the Sheriff served a copy thereof on respondent. Respondent financed Seaboard's accounts receivable and at the time of the Sheriff's levy it had a security interest therein. The security agreement provided for advances of up to 75% of the net amounts of collateral. On the date of the levy, Seaboard was indebted to respondent for $89,789.15 and respondent had in its possession accounts receivable of Seaboard valued at $115,553.82. Following the levy no further advances were made and between the date thereof and November 2, 1972 respondent received additional collections upon the accounts receivable whereby the indebtedness of Seaboard was reduced to $39,499.36. On November 2 Seaboard paid this to respondent and received from respondent a termination statement. A debtor's equity of redemption in property held by a secured lender is subject to attachment. (*Clements* v. *Doblin*, 209 App. Div. 208, affd. 239 N. Y. 526.) The Sheriff's levy attached to Seaboard's residuary interest in its accounts receivable and respondent's release of that interest was in violation of CPLR 6214 (subd. [b]). For that violation respondent is accountable to petitioner. A plenary hearing is necessary in order to determine the amount due. Concur — Nunez, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.