BATA SHOE COMPANY, INC., Respondent, v SILVESTRE SEGARRA E HIJOS, S. A., Appellant.

First Department, June 28, 1977

*Richard D. Gaines* of counsel *(Theodore R. Patrick* with him on the brief; *Davis, Stafford, Kellman & Fenwick,* attorneys), for appellant.

*Floyd S. Weil* of counsel *(Seligman & Seligman,* attorneys), for respondent.

EVANS, J. The defendant is a Spanish corporation which sells its product in the United States, but has no offices in New York and is not authorized to do business in New York. In an action for money damages because of defendant's failure to deliver certain goods, and in which service could not be effected on the defendant in Spain, plaintiff obtained an order of attachment authorizing the sheriff to levy upon any prop-

erty to the value of $36,900 in which the defendant had an interest and upon any debts owing to defendant. An order next was served upon William Iselin, a factor who was either sold or assigned defendant's accounts receivable. Iselin as garnishee (defined in CPLR 105, subd [i] as one who owes a debt to, or has the property of, a judgment debtor) wrote to the sheriff advising him that the defendant was credited with $158,240 which represented outstanding accounts receivable. Continuing, Iselin stated that additional outstanding accounts receivable of $286,655 were credited to the defendant, but until all such accounts were collected, charged back or otherwise disposed of, the amount due and owing, if any, could not be ascertained. Subsequently, Iselin paid the required amount over to the sheriff.

·A levy on a person other than the defendant is effective only if at time of service of the order of attachment the garnishee owes a debt to the defendant (CPLR 6214, [b]). Defendant, citing *Sheehy v Madison Sq. Garden Corp.* (266 NY 44) sets forth that if there is no debt at the time of service the levy is invalid and does not affect defendant's property subsequently coming into the hands of the garnishee, and insists that if the debt is dependent upon a future contingency, it is not subject to attachment.

Under CPLR 6202, an attachment under CPLR 6214 subd [b] is effective if there is a debt or property of the debtor within the jurisdiction of our courts, and a property interest of an absent debtor in its contract with a resident corporation is subject to levy by order of attachment and jurisdiction of the New York courts quasi in rem may properly be predicated upon that attachment *(ABKCO Inc. v Apple Films,* 39 NY2d 670).

CPLR 5201 (subds [a] and [b]) provide that:

"(a) Debt against which a money judgment may be enforced. A money judgment may be enforced against any debt, which is past due or which is yet to become due, certainly or upon demand of the judgment debtor, whether it was incurred within or without the state, to or from a resident or nonresident, unless it is exempt from application to the satisfaction of the judgment. A debt may consist of a cause of action which could be assigned or transferred accruing within or without the state.

"(b) Property against which a money judgment may be enforced against any property which could be * * * assigned

or transferred, whether it consists of a present or future right or interest and whether or not it is vested, unless it is exempt from application to the satisfaction of the judgment. A money judgment entered upon a joint liability of two or more persons may be enforced against individual property of those persons summoned and joint property of such persons with any other persons against whom the judgment is entered."

Defendant urges that no property existed that would be subject to procedure under CPLR 6214. It is true that courts have had to deal with the question of what constitutes "accounts receivable" when that term is used in a contract selling, assigning, pledging or reserving such items (41 ALR2d 1395). Black's Law Dictionary (4th ed) defines "Accounts Receivable" as contract obligations owing to a person on open account, charge accounts or installment balances. Although the courts have construed many forms of obligation as "accounts receivable", flowing through all of them commonly was an uncollected debt. The accounts receivable here arose, although the papers are not specific, by the sale of Bata's product to various sellers after which the unpaid accounts were accepted by the factor William Iselin. On all fours with the instant case is *Fitchburg Yarn Co. v Wall & Co.* (46 AD2d 763). The debt here is not contingent, as appellant insists, upon payment for its existence. Appellant confuses collectability with contingency and there is a distinction. The obligation evidenced by an account receivable does not depend on the occurrence of a future, uncertain event; it is a debt already arisen between the contracting parties. It has an immediate value and can, prior to collection, be pledged as security at banks or factors such as Iselin for an advance of funds. The equity for a pledgor is a property right subject to attachment *(Lutes v Shenk,* 285 App Div 416). Further, the letter from Iselin indicated that they had accounts receivable in excess of $400,000 credited to the defendant subject to collection and other adjustments. In other words, defendant had *debts* in the amount assigned to Iselin subject to collection and other adjustments. Clearly then, these debts, being in existence and not based upon any contingency, are proper subjects for attachment.

Accordingly, the order of the Supreme Court, New York County (MANAGAN, J.), entered on February 9, 1977, denying defendant's motion to vacate an order of attachment should be affirmed with costs.

136

Birns, J. P., Capozzoli and Markewich, JJ., concur.

Order, Supreme Court, New York County, entered on February 9, 1977, unanimously affirmed. Respondent shall recover of appellant $40 costs and disbursements of this appeal.