■ DESERT PALACE, INC., Doing Business as CAESARS PALACE, Respondent, v BERNARDO ROZENBAUM, Appellant. BERNARDO ROZENBAUM et al., Third-Party Plaintiffs-Appellants, v CHASE MANHATTAN BANK, N.A., Third-Party Defendant-Respondent. [595 NYS2d 768] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered February 20, 1992, which, *inter alia,* granted summary judgment to plaintiff against defendant in the amount of $650,000, plus interest thereon, and directed that monies being held by third-party defendant Chase Manhattan Bank pursuant to an order of attachment, issued by the court on January 31, 1991, and served upon Chase Manhattan by the Sheriff of New York County on April 22, 1991, be turned over to the plaintiff, *via* the Office of the Sheriff, and applied against the judgment, unanimously affirmed, with costs.

Order of the same court and Justice, entered April 15, 1992, which granted third-party defendant Chase Manhattan's motion for summary judgment dismissing the third-party complaint as against Chase Manhattan, unanimously affirmed, with costs.

The IAS Court properly determined that the defendant's use of his banking relationship with third-party defendant Chase Manhattan and the existence of funds in which the defendant had an interest in New York with that bank to obtain credit from the plaintiff for the defendant's personal gambling activities in the plaintiff's casino, satisfied the minimal contacts requirements for the exercise of quasi in rem jurisdiction over the New York bank account, particularly, where, as here, the defendant used the subject bank account as a reference to obtain credit from the plaintiff and issued drafts for payment of his outstanding gambling debt, which were subsequently dishonored, against the New York bank account *(Banco Ambrosiano v Artoc Bank & Trust,* 62 NY2d 65). A sufficient showing of a relationship between the funds seized and the subject matter of the underlying litigation has been made to

sustain quasi in rem jurisdiction over the New York funds *(see, Majique Fashions v Warwick & Co., 67 AD2d 321, 327).*

In addition, notification by third-party defendant Chase Manhattan to the Sheriff of New York County that it was, pursuant to an order of attachment served upon it, blocking funds in which the defendant had an interest in an amount sufficient to comply with the order, constituted a valid attachment, with the bank's notice constituting constructive seizure by the Sheriff sufficient to satisfy the statutory requirements of CPLR 6214 (e) *(National Bank v Republic Natl. Bank,* 102 AD2d 801, 803, *appeal dismissed* 63 NY2d 944).

Defendant's challenge to the court's quasi in rem jurisdiction based upon vague allegations of possible interests in the seized funds by third persons is without merit since only the alleged third persons may assert such a claim by way of a special proceeding under CPLR 6221 *(Matter of Glaser v Rosenberg,* 30 AD2d 648).

Finally, the IAS Court did not commit reversible error in dismissing the third-party complaint as against Chase Manhattan Bank where the record reveals that the bank in complying with the valid court orders *(see, Campanella v Campanella,* 152 AD2d 190), did not act improperly in blocking the New York bank account in which the defendant had an interest and was not under any obligation, written or otherwise, to refuse to advise the plaintiff of the defendant's creditworthiness for gambling purposes. In any event, appellants should be estopped from denying the defendant's interest in the bank account by the defendant's deceitful actions in representing that he had an account and designating Chase Manhattan as the drawee bank on his gambling marker in order to obtain the $650,000 credit from the plaintiff *(see, Triple Cities Constr. Co. v Maryland Cas. Co.,* 4 NY2d 443, 448).

We have considered the defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Milonas, Rosenberger and Wallach, JJ.