■ Posadas De Puerto Rico, Inc., Doing Business as Condado Plaza Hotel & Casino, Appellant, v Mauricio H. Gruberman, Defendant. Bank Leumi Trust Company of New York et al., Nonparty Respondents. [641 NYS2d 615] —Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered July 7, 1994, which, *inter alia*, denied plaintiff's cross-motion for further discovery and denied plaintiff's motion and cross-motion to vacate the default judgment, unanimously affirmed, with costs. Order and judgment (one paper) of the same court and Justice, entered September 1, 1995 which, *inter alia*, (1) dismissed plaintiff's turnover proceeding against Bank

Leumi-Israel, (2) entered judgment against Bank Leumi-New York for $2,122.72 on deposit in the name of defendant Gruberman at Bank Leumi-New York and, (3) vacated and set aside the order of attachment dated May 9, 1991, unanimously affirmed, with costs.

In this action, plaintiff hotel and casino, a corporation operating under the laws of Puerto Rico and doing business in that jurisdiction, seeks to recover a gambling debt of $500,000 and hotel charges of $31,000 from defendant Mauricio H. Gruberman, a citizen of Brazil and resident of Argentina. It is plaintiff's position that it extended credit of $500,000 to defendant based solely upon a telephone call to a party alleged to be an employee of Bank Leumi Trust Company of New York (Leumi-New York), a New York banking corporation. The action was commenced by order to show cause dated February 8, 1991 for an order of attachment, signed May 9, 1991, with respect to a bank account maintained by defendant at Leumi-New York. Defendant has not appeared in the action.

By letter dated March 8, 1991, Leumi-New York advised counsel for plaintiff that the account contained $2,122.72 and requested that he call the bank as it had not "received any correspondence from your office regarding deposition [*sic*] of these monies." An order of attachment was subsequently signed on May 9, 1991. However, no money was remitted to plaintiff by Leumi-New York because, on June 6, 1991, the bank was served with an order to show cause in an action entitled *Mirage-Casino Hotel v Gruberman*, also seeking an order of attachment. As alleged in the affidavit of the bank's deputy general counsel dated June 3, 1993 and conceded in plaintiff's brief, the plaintiff in that action is represented by the same attorney as plaintiff herein.

It is plaintiff's theory, supported by the allegations of its employees, that defendant maintained substantial funds, if not in Leumi-New York, then in Bank Leumi le-Israel, B.M. (Leumi-Israel), a banking corporation organized and operating under the laws of Israel, which is licensed to operate an agency in New York. On August 28, 1991, plaintiff obtained an order from Supreme Court (Harold Baer, Jr., J.) pursuant to CPLR 6220 directing the banks to produce a knowledgeable witness together with any records relating to accounts in which defendant Gruberman was known to have an interest. The order also extended the time in which to commence a proceeding to compel payment pursuant to CPLR 6214 (d) to February 28, 1992, thereby continuing the levy by court order (*see*, CPLR 6214 [e]; *Seider v Roth*, 28 AD2d 698). In January 1992, plaintiff

conducted the deposition of Ilan Sarig, head of Leumi-New York's International Customer Service Department, who testified that Leumi-New York's records contain no information that any assets or accounts were maintained at Leumi-Israel by defendant Gruberman.

In February, 1992, plaintiff brought, by way of order to show cause, a second motion to produce books and records pertaining to credit inquiries concerning defendant, to depose the Leumi-New York employee claimed to have given plaintiff's collections' manager a credit reference for defendant and to extend the time to commence a CPLR 6214 (d) proceeding to February 28, 1993. It is not altogether clear why the special proceeding, assuming it was necessary, could not have been brought within the statutory 90-day time limit because this matter does not appear to involve any complex or novel question (*Seider v Roth, supra; see also, Seider v Roth,* 17 NY2d 111, *overruled Rush v Savchuk,* 444 US 320). Supreme Court (Peter Tom, J.) denied the motion insofar as it sought to compel the deposition, noting, "Plaintiff has an alternative motive * * * other than locating the assets of defendant Gruberman." On appeal from so much of the order as denied further discovery, this Court affirmed the ruling, declining "to stay the action pending resolution of a related fraud action plaintiff had brought against [Leumi-Israel]" (*Posados De Puerto Rico v Gruberman,* 203 AD2d 117, 118).

In a memorandum decision dated May 13, 1994, culminating in the order subject to appeal, Supreme Court (Richard B. Lowe, III, J.) denied plaintiff's third request for discovery. The court noted that, on January 31, 1992, plaintiff filed a default judgment in " 'the attached sum of $2,172.72' held at Bank Leumi-New York", entry of which "cuts off all further discovery in aid of attachment." The exact circumstances of the filing of the default judgment were unknown because, as the court stated, "the County Clerk's file of this action, apparently, is missing". Reflecting the observations made by the court upon the previous discovery order, the decision continues: "Once again, the plaintiff seeks to pursue its claims against the garnishees in the guise of the attachment action against Gruberman. Enough is enough. Discovery is at an end." Plaintiff's application to extend its time to commence a special proceeding yet another two years was denied, as was its request to vacate the default judgment entered some 17 months earlier. The banks' cross-motion for an order directing them to deliver the attached funds to plaintiff in full satisfaction of the levy was likewise denied, and plaintiff was directed to commence a

turnover proceeding within 45 days after service of the order with notice of entry.

In accordance with the order entered July 7, 1994, plaintiff mailed a petition and notice of petition to counsel for each bank. The petition demands judgment compelling the banks to pay to the Sheriff any amount to become due to defendant and subject to payment at any branch of either and requiring them to serve upon the Sheriff a statement in accordance with CPLR 6219. The banks responded by moving to dismiss the petition: (1) as to Leumi-Israel, in its entirety, on the grounds that it holds no property subject to the attachment levy; and, (2) as to Leumi-New York, to the extent that the petition seeks more than the $2,122.72 on deposit in defendant's account at the time of attachment.

In its memorandum decision, culminating in the judgment (denominated order and judgment) subject to appeal, Supreme Court held that "Leumi-Israel is clearly a separate legal entity from Leumi-New York and is therefore not subject to levy under the Order of Attachment". Finding "unsupported" the allegation that plaintiff would not have extended credit to defendant had it not received verbal assurance from Leumi-New York that he maintained sufficient funds to cover the credit extended, the court found no basis upon which to depart "from the general rule that a garnishee bank is liable only to the extent of the assets belonging to the judgment debtor that were on deposit when his account was attached" (citing *Bata Shoe Co. v Silvestre Segarra e Hijos, S. A.*, 58 AD2d 133, 134). The judgment dismissed the proceeding as to Leumi-Israel, entered judgment against Leumi-New York in the amount of $2,122.72 on deposit in the name of defendant, otherwise dismissed the proceeding as to Leumi-New York, and "annulled, vacated and set aside" the order of attachment.

Plaintiff's suit is predicated on defendant's purchase of $500,000 in gaming chips at plaintiff hotel and casino with five checks drawn on Leumi-New York, for which insufficient funds were on deposit. It has not been demonstrated that the garnishee banks have done anything to subject them to suit by plaintiff in this forum (*see, Shaffer v Heitner*, 433 US 186). New York jurisdiction is quasi in rem, based upon defendant's use of his bank account at "Leumi Trust Company" on his application to secure credit at plaintiff's gambling establishment and the subsequent dishonor of the checks drawn on that account (*Desert Palace v Rozenbaum*, 192 AD2d 340, *lv denied* 82 NY2d 652). Jurisdiction is therefore limited to the funds maintained in the Leumi-New York account. Thus, the proceeding com-

menced by plaintiff pursuant to CPLR article 62 was, at the inception, restricted to the narrow purpose of securing a judgment compelling delivery by that bank of proceeds in which defendant has an interest to the Sheriff, as security for any judgment plaintiff might obtain against defendant in an appropriate jurisdiction (CPLR 6214 [d]). At the risk of stating the obvious, satisfaction of the judgment entered in favor of a plaintiff in an action annuls the attachment (CPLR 6224).

The Legislature clearly intended that attachment should be expeditiously pursued and, when it provided that a levy shall become void after 90 days upon failure to proceed (CPLR 6214 [e]), it can hardly be said to have contemplated proceedings extending over a period of years, notwithstanding statutory acknowledgement of the courts' discretion to enlarge the time limit (*ibid.*; CPLR 2004). It is apparent to this Court, as to the courts that previously entertained this matter, that the expenditure of time and judicial resources this litigation has consumed is out of all proportion to any legitimate purpose that might be served.

We regard the defects in the conduct and availability of discovery asserted by plaintiff on this appeal to be completely devoid of merit. As counsel for Leumi-New York charged as early as August 1991, this attachment proceeding has been used as a vehicle to engage in a fishing expedition in the attempt to conduct unauthorized discovery, without aid of commission (CPLR 3102 [e]), of the banks for use in a fraud action which plaintiff ultimately commenced against them in Puerto Rico. Any limited discovery available under CPLR article 62 ends with the entry of judgment in the action, after which the court lacks authority to compel disclosure (CPLR 6220). Plaintiff's contention that disclosure may proceed until the res is actually applied to satisfy the judgment ignores the plain language of the provision and the jurisdictional predicate of the action. Once title to the res that forms the basis of the action is adjudicated, the action is over (CPLR 5230 [a]; *Benadon v Antonio*, 10 AD2d 40, 44). Therefore, we do not regard as accidental the difference in the wording of this provision and CPLR 5223, governing disclosure in aid of the enforcement of a judgment previously rendered.

As in *National Bank v Republic Natl. Bank* (102 AD2d 801, 803, *appeal dismissed* 63 NY2d 944), the levy in this matter had been perfected at the time the default judgment was entered on January 31, 1992. The Sheriff constructively seized the bank account by serving the attachment order on May 30, 1991, and the attachment was perfected by virtue of the bank's

prior letter, notifying plaintiff of the balance in the account and clearly indicating that the funds were being held at plaintiff's disposition (*see, Desert Palace v Rozenbaum, supra,* at 341; *see also, Kalman v Neuman,* 80 AD2d 116, 127-128). While plaintiff makes much of Leumi-New York's failure to serve upon the Sheriff a statement in compliance with CPLR 6219, the record does not reflect that any such statement was demanded. Certainly, the order of attachment makes no mention of any statement that the banks were required to serve upon the Sheriff. In any event, we find that the bank's earlier letter constitutes a sufficient attornment under the circumstances of this case (*National Bank v Republic Natl. Bank, supra*). Indeed, it is Leumi-New York's position that the only reason it did not turn over the funds was because, in June 1991, it was served with the subsequent attachment in connection with *Mirage-Casino Hotel v Gruberman.* Finally, in view of the extensive deposition of Ilan Sarig conducted by plaintiff in mid-January pursuant to CPLR 6220, such a statement was rendered academic. Plaintiff cannot deny that by the time judgment was entered on January 31, the extent of Leumi-New York's obligations to defendant had been thoroughly explored.

The opposing contention of the banks that plaintiff failed to commence a proceeding pursuant to CPLR 6214 (d) and failed to serve the petition and notice of petition in the same manner as a summons (CPLR 304, 306-b, 403 [c]) is likewise without merit. Any interested person may commence a proceeding to determine adverse claims to attached property by serving the petition and notice of petition "in the same manner as a notice of motion" (CPLR 6221; *see also,* CPLR 5239), which is precisely the method of service employed. The parties "may to a large extent chart their own procedural course through the courts" (*Stevenson v News Syndicate Co.,* 302 NY 81, 87; *see also, Mitchell v New York Hosp.,* 61 NY2d 208, 214; *Matter of Malloy,* 278 NY 429) "and may fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples,* 31 NY2d 818, 820), including the law to be applied (*Martin v City of Cohoes,* 37 NY2d 162, 165-166). It is evident that the parties to this dispute formally enlisted the aid of the court in resolving their controversy, and the fact of their submission to its authority is far more significant than the manner in which it came about (*see, Rector, Church Wardens & Vestrymen of St. Bartholomew's Church v Committee to Preserve St. Bartholomew's Church,* 56 NY2d 71, 75-76).

While the default judgment entered against defendant Gruberman is subject to collateral attack (*see, Boorman v Deutsch,*

152 AD2d 48, 54, *appeal dismissed* 76 NY2d 889; Siegel, NY Prac § 111, at 177 [2d ed]), Supreme Court did not improvidently exercise its discretion in summarily denying plaintiff's motion for vacatur. In the absence of any explanation for delay in bringing the motion or any showing of prejudice to plaintiff, adherence to the statutory time limit of CPLR 5015 (a) (1) is entirely appropriate.

With respect to the judgment entered September 1, 1995, while the rulings made in connection with the judgment are in all respects proper, we perceive no reason why Leumi-New York's previous application to deliver the funds to the Sheriff for payment to plaintiff in satisfaction of its judgment should not have been granted, thereby annulling the attachment at that time (CPLR 6225). A proceeding pursuant to CPLR 6214 (d) is, by its terms, discretionary. Where, as here, the garnishee not only does not resist the plaintiff's efforts to obtain the funds in its possession but, by motion, seeks to turn the money over, the holding of a special proceeding is both unnecessary and wasteful of judicial resources. Dismissal of the proceeding against Leumi-Israel was necessary as plaintiff failed to demonstrate any basis for quasi in rem jurisdiction over that entity.

Finally, while plaintiff asserts error in Supreme Court's order of August 28, 1991, no timely appeal has been taken from that order and it is not properly before this Court for review.

Respondents' motion (M-749) to dismiss, as abandoned, so much of the appeal as seeks review of that portion of the order, entered July 7, 1994, that denied appellant's motion for sanctions against respondents is granted.

Appellant's cross-motion (M-755) to enlarge the record is denied. Concur—Milonas, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.