■ Morgenthow & Latham et al., Respondents, v The Bank of New York Company, Inc., et al., Defendants. Bank of Cyprus, Ltd., Nonparty Appellant. [836 NYS2d 579]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered December 7, 2005, which denied nonparty appellant's motion to vacate the default judgment entered against defendant Joint Stock Bank Inkombank, unanimously affirmed, with costs.

Plaintiffs, three Cayman Islands trusts that together invested $40 million in defendant Inkombank, formerly a leading Russian bank, lost their entire investment in October 1998 when the Central Bank of Russia revoked its banking license due to its involvement in worldwide financial fraud and other activities connected with Russian organized crime. In May 2001 plaintiffs obtained a default judgment against Inkombank, and then commenced a garnishment proceeding to enforce that judgment against funds allegedly held by nonparty appellant in the name of Inkombank. While that proceeding remains pending, nonparty appellant has moved in the underlying proceeding to vacate the default judgment against Inkombank.

Nonparty appellant has no standing to challenge the default judgment against Inkombank. To obtain relief from a judgment or order, the moving party must show some legitimate interest, and the assurance that no injustice will result from the judicial assistance (*see Oppenheimer v Westcott*, 47 NY2d 595, 602 [1979]). A garnishee bank is a disinterested stakeholder, liable only to the extent of assets belonging to the judgment debtor that were on deposit when the plaintiffs sought to enforce the judgment (*see Bata Shoe Co. v Silvestre Segarra e Hijos*, 58 AD2d 133, 134 [1977]). Plaintiffs' petition in the garnishment proceeding clearly seeks an order requiring nonparty appellant to turn over the funds belonging to Inkombank, none of which belong to nonparty appellant. Moreover, nonparty appellant's own counsel has admitted on the witness stand in the garnish-

ment proceeding that it will not lose any money. Therefore, nonparty appellant has failed to show it has the legitimate interest necessary to challenge the default judgment entered against Inkombank. The further fact that nonparty appellant has incurred legal fees in its defense in the garnishment proceeding does not confer standing upon it for vacatur purposes. Nonparty appellant can seek to recover those legal fees in the garnishment proceeding.

In view of the foregoing, we need not address the merits of nonparty appellant's claim that the default judgment should be vacated. Concur—Williams, J.P., Buckley, Gonzalez and Sweeny, JJ. [*See* 10 Misc 3d 1076(A), 2005 NY Slip Op 52248(U).]