■ SIDIKAT KASUMU, Respondent, v CITY OF NEW YORK, Appellant. [911 NYS2d 61]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered September 22, 2009, which, in an action for personal injuries, granted plaintiff's motion to vacate the default judgment dismissing the action and restored the action to the trial calendar, unanimously reversed, on the law, without costs, the motion denied and the default judgment reinstated. The Clerk is directed to enter judgment accordingly.

A plaintiff attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious cause of action (*see Carroll v Nostra Realty Corp.*, 54 AD3d 623 [2008], *lv dismissed* 12 NY3d 792 [2009]). While the determination as to whether a party has established a reasonable excuse usually rests within the sound discretion of the motion court, here, the court improvidently exercised such discretion. The conduct of plaintiff's counsel in failing to appear for jury selection was only the latest in a series of defaults and nonappearances over the course of the litigation that should not be excused (*see e.g. Dayton Towers Corp. v Katz*, 208 AD2d 494 [1994], *appeal dismissed* 85 NY2d 934 [1995]).

Furthermore, plaintiff's motion was untimely, as it was brought more than one year after entry of the judgment and service of the notice of entry. While the court does retain the inherent power to excuse an untimely motion to vacate (*see e.g. Hunter v Enquirer/Star, Inc.*, 210 AD2d 32, 33 [1994]), there exists no basis to do so in light of the pattern of neglect demonstrated by plaintiff's counsel. Concur—Gonzalez, P.J., Tom, Sweeny, Richter and Manzanet-Daniels, JJ.