Peralta v City of New York (2022 NY Slip Op 03579)





Peralta v City of New York


2022 NY Slip Op 03579


Decided on June 02, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 02, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Higgitt, JJ. 


Index No. 155296/18 Appeal No. 16062 Case No. 2022-00065 

[*1]Aneury Peralta, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent, Detectives James Cleary etc., et al., Defendants.


Law Offices of K.C. Okoli, P.C., New York (Kenechukwu Okoli of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 25, 2021, which denied plaintiff's motion to vacate an order of the same court and Justice, dated September 4, 2019, granting defendant City of New York's unopposed motion to dismiss the action for untimely service of process, unanimously affirmed, without costs.
Although the motion to vacate was filed more than a year from service of the dismissal order with notice of entry (see CPLR 5015[a][1]; Posadas De Puerto Rico v Gruberman, 226 AD2d 249,255 [1st Dept 1996]), even with the Covid-19 filing toll period factored in, the delay was excusable given that law office failure and inadvertence warranted corrections to the motion and its recalendaring (see generally Kasumu v City of New York, 78 AD3d 560 [1st Dept 2010]).
A reasonable excuse was proffered by plaintiff for not seeking an extension of time to properly serve the City with a second summons and complaint, where the City had already appeared in the action by service of an answer that did not assert an affirmative defense of lack of personal jurisdiction (CPLR 3211[a][8], [e]), and thus the City waived the defense (see Urena v NYNEX, Inc., 223 AD2d 442, 443-444 [1st Dept 1996]; Brown v Doxsee Sea Clam, Co., 231 AD2d 440, 443 [1st Dept 1996]). Although the waiver argument was not raised before the motion court, it appears on the face of the record, involves no new facts, and could not have been avoided if it had been timely raised (see Rafa Enters. v Pigand Mgt. Corp., 184 AD2d 329, 330 [1st Dept 1992]).
Plaintiff's claims against the City and the individual officers for malicious prosecution and false arrest fail where a notice of claim was never filed and such claims were otherwise time-barred by the applicable one-year and 90-day limitations period (see General Municipal Law §§ 50-e, 50-i, 50-k[6]; CPLR 217-a; Pierson v New York, 56 NY2d 950, 954-955 [1982]). While plaintiff's claims under 42 USC § 1983 were timely asserted within the applicable three-year limitations period (see CPLR 214[5]; Cruz v City of New York, 148 AD3d 617, 617 [1st Dept 2017]), and a notice of claim was not required to be filed in connection with those claims (see Matter of Orozco v City of New York, 200 AD3d 559, 563 [1st Dept 2021]), they lack adequate factual allegations to support the claims (see generally Rodrigues v City of New York, 193 AD2d 79, 84 [1st Dept 1993]). Plaintiff's bare allegations of a City policy or custom, without factual allegations made to assist in identifying the claimed policy or custom at issue, warranted dismissal of his federal claims against the City (see Monell v New York City Dept. of Social Servs., 436 US 658, 691 [1978]; Rochester v City of New York, 168 AD3d 435, 436 [1st Dept 2019]). Accordingly, the motion to vacate was properly denied.
As to the individual officers who were not properly served with the complaint, and, unlike the City, made no appearance in the action, jurisdiction was never obtained [*2]over them. Thus, there is no basis to grant plaintiff's request for a default judgment against the individual defendants, and "no reason [exists] to disturb the dismissal of the complaint against [them]" (Diaz v Perez, 113 AD3d 421 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 2, 2022