■ MAURICE B. MENDOZA, as Executor of OFELIA MENDOZA, Deceased, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—The order of the State Human Rights Appeal Board (Board) dated July 6, 1977, and the order of the State Division of Human Rights (Division) dated April 2, 1975, are both unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the Division for further proceedings not inconsistent herewith. Petitioner, executor of the estate of Ofelia Mendoza, seeks review and vacatur of the Board's order affirming the Division's order dismissing the complaint after preliminary investigation by the regional director for lack of probable cause. Mrs. Mendoza, the complainant, was employed by respondent International Planned Parenthood Federation—Western Hemisphere Region, Inc., since 1961. In 1972, as

director of international and regional relations, she was one of three department heads employed by Planned Parenthood. In 1972, Mrs. Mendoza was notified that her salary of $23,500 would be increased by $500, a 2½% raise, and substantially below the Planned Parenthood cost-of-living guidelines of a 7½% increase for employees in her salary bracket. In that year, Mrs. Mendoza was 62, approaching her retirement. The other two department heads employed at the time were both males in their 40's, who received increases in excess of the guidelines' 7½%. At the next level of management-employee hierarchy, the three unit or division heads, males in their thirties, also received increases. Their raises were substantially in excess of the guideline recommendations. On January 4, 1975, Mrs. Mendoza filed a complaint with the Division alleging discrimination on the grounds of age, sex and national origin. After a hearing, the field representative made a finding of no probable cause. In reaching his conclusion, the representative considered respondent's exhibit listing the organization's professionals according to rank (department or divisional head) and noting the employment date, age, sex, national origin and salary per year of each as of March 6, 1975, the date of preparation of the exhibit. In his March 12, 1975 memorandum, the field representative based his finding and recommendation on the difference between a medical degree and a Ph.D. and on two other factors that were present on the date of the exhibit's preparation, but which were not present on the date on which Mrs. Mendoza was allegedly discriminated against. First, the field representative noted that three department heads out of four were female, although in 1972 Mrs. Mendoza was the only female department head employed by Planned Parenthood. (The head of the fund-raising department in 1972 and 1975 was a female. This function, however, was contracted out and just happened to be performed by a female.) Also noted was the fact that "the ages of seven directors of departments are between the age of forty and sixty-five." Significantly, there was a lack of distinction between heads of department and heads of the next lower level of organization, the division level, and between persons in their 40's with many years yet in their careers, and persons like complainant, over 60 with only several years of service remaining before retirement. When the Division dismisses a complaint for lack of probable cause pursuant to subdivision 2 of section 297 of the Executive Law, such a determination must have a rational basis. *(State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 335-337, also citing *Matter of Pell v Board of Educ.,* 34 NY2d 222, 230-232.) The inaccuracy and impreciseness in presentation of important evidence in the record resulted in a determination lacking the rational basis necessary for this court to confirm the Division and Board. The Board should have reversed the Division's order and remanded the proceeding to the Division for a reconsideration of the precise situation on the date of the alleged discriminatory act and for the time immediately preceding it. Respondent's Statute of Limitation defense fails because the act complained of had a continuing impact. Subdivision 5 of section 297 of the Executive Law requires any complaint filed pursuant to this section to be filed within one year after the alleged unlawful discriminatory practice. For those practices of a continuing nature, the date of occurrence shall be deemed to be any date subsequent to its inception up to and including the date of its cessation. (9 NYCRR 465.3 [e].) The alleged discriminatory salary increment of 1972 affected Mrs. Mendoza's salary for later years. In addition, pensions for Planned Parenthood's employees are based on their salary level in the last five years of employment. This complaint, then, alleges facts, which, if

proved, would constitute a continuing discrimination if the situation persisted without correction. (See *Matter of Russell Sage Coll. v State Div. of Human Rights,* 45 AD2d 153, affd 36 NY2d 985.) Lastly, respondent's contention that Mrs. Mendoza's claim abated upon her death in 1975 under the survivorship provisions of EPTL 11-3.2 (subd [b]) also fails. Federal courts have held that civil rights actions seeking compensation do constitute "injuries to the person" under State survivorship statutes. *(Duchesne v Sugarman,* 566 F2d 817, 821, n 2.) Concur—Murphy, P. J., Kupferman, Ross, Markewich and Lynch, JJ.