*967 OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, with costs, the petition dismissed and the Commissioner’s determination reinstated.
The Commissioner’s determination that the real property lease was between related parties within the meaning of 10 NYCRR 86.28 (now 10 NYCRR 86-2.26) is supported by substantial evidence. The hearing officer found that Cantor was the original owner of the property, having purchased it in 1969 for $235,000. When he sold it to Simensky in 1971 for $500,000, the sales price was agreed to without any negotiations, and was not related to the fair market value of the property for use as a nursing home. Cantor immediately turned around and entered into a partnership agreement with the purchaser and others, which gave him the option of leasing the facility according to terms fixed in the 1971 agreement. When he exercised that option in 1974, he was the only member of the partnership authorized to operate the facility.
Although, as the Appellate Division noted, there was no showing that the parties were related prior to 1971, there was substantial evidence to support the Commissioner’s determination that the parties were related in 1974 when the petitioner obtained the lease from his partners and that he had “exercised control over the entire sale and leaseback transaction” so that it could not be said to be an arm’s length deal.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur in memorandum; Judge Meyer taking no part.
Judgment reversed, etc.