■ In the Matter of ROCKAWAY CARE CENTER, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered November 3, 1986 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as barred by collateral estoppel.

Since the decisive issue raised in this CPLR article 78 proceeding to review respondents' final determination, which denied petitioner's Medicaid reimbursement rate appeal for the 1982 rate year, has not previously been litigated in any forum, Supreme Court erred in holding that this proceeding was barred under the doctrine of collateral estoppel. The judgment should, therefore, be reversed and respondents' motion to dismiss the petition denied.

The relevant issue raised by petitioner's administrative appeal of its 1982 Medicaid reimbursement rate concerned the disallowance of the "builder's profit" from the approved project costs of petitioner's facility. It appears that this same issue

had been raised by petitioner in a prior administrative appeal of its 1978 Medicaid reimbursement rate, which was denied by final determination dated July 22, 1981. On the issue of the "builder's profit", the 1981 final determination based the denial of petitioner's appeal on the absence of an arm's length transaction between the builder and the facility. Petitioner did not seek judicial review of the 1981 determination. In denying that portion of petitioner's appeal of its 1982 rate which again raised the issue of the "builder's profit", the final determination under review in this proceeding referred to the prior 1981 determination.

Respondents contend that since the question of whether the "builder's profit" should be disallowed due to the absence of an arm's length transaction between the builder and the facility's operator was fully litigated and finally decided in the 1978 administrative rate appeal, petitioner is barred from again litigating the issue either administratively or in a judicial proceeding. It is "clear that the doctrines of *res judicata* and collateral estoppel are applicable to give conclusive effect to the quasi-judicial determinations of administrative agencies", making such determinations " 'conclusive and binding on the courts' " *(Ryan v New York Tel. Co.,* 62 NY2d 494, 499, quoting *Bernstein v Birch Wathen School,* 71 AD2d 129, 132, *affd* 51 NY2d 932). "In the application of collateral estoppel with respect to administrative determinations, the burden rests upon the proponent of collateral estoppel to demonstrate the identicality and decisiveness of the issue" *(supra,* at 501). In this CPLR article 78 proceeding, the decisive issue is whether respondents' determination to disallow the "builder's profit" in the calculation of petitioner's 1982 reimbursement rate was arbitrary and capricious (CPLR 7803 [3]; *see, Holliswood Care Center v Whalen,* 58 NY2d 1001, 1004). The final administrative determination of petitioner's 1978 rate appeal clearly did not decide this issue and, therefore, under the above principles, collateral estoppel is not applicable.

Judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.