■ In the Matter of ROCKAWAY CARE CENTER, Appellant, v DAVID AXELROD, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Casey, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered February 13, 1990 in Albany County, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Health regarding petitioner's 1982 Medicaid reimbursement rates.

Petitioner's sole contention on this appeal is that respondents improperly disallowed its claim of $160,000 for "builders profit" in the computation of petitioner's 1982 Medicaid reimbursement rate. The validity of petitioner's contention depends on whether there was a "relationship" between the "builder" of the facility and petitioner which would permit disallowance of its claim or whether the construction contract was an "arm's length" transaction which would require allowance of the claim. The amount of the claim was fixed by the Federal Housing Administration (hereinafter FHA) project analysis and appraisal dated December 16, 1974. Initially petitioner sought credit for its 1978 rate year. This request was denied in 1981 and petitioner sought no judicial review of this ruling. Instead, by letter dated March 10, 1982, petitioner reinstituted the same rate appeal claim in respect to its "builders profit", this time applied to its 1982 rate year. This application was again denied, as was petitioner's request for an administrative hearing. Petitioner then instituted this CPLR article 78 proceeding for review. Respondents' answer contained the defense of equitable estoppel since petitioner had not sought judicial review of its 1978 rate year determination. Supreme Court dismissed the petition on that basis. On appeal, this court reversed the judgment and reinstated the petition (134 AD2d 805). On remittal, Supreme Court again dismissed the petition on the basis that a "relationship" existed between petitioner and the facilities builder which stamped respondents' disallowance of "builders profit" rational, thereby ending judicial review.

On appeal from this dismissal, petitioner argues that the determination of disallowance is arbitrary. This claim is based on petitioner's assertion that it had no "relationship" with the

builders prior to the execution of the partnership agreement forming the building company and that the record clearly indicates that the FHA approved the "builders profit" before the formation of the partnership. According to petitioner, "builders profit" here is an allowable expense since it was approved at a time when petitioner and the building company were not "related parties" within the meaning of 10 NYCRR 86-2.26. We disagree.

In our view, the record demonstrates that the partnership was formed before the FHA approved the "builders profit" on December 16, 1974. The execution of the partnership agreement on the later date of December 23, 1974 is simply the date on which the signatures of the parties were acknowledged. These acknowledgments are only prima facie proof that the agreement was signed by the persons who purported to do so (see, Langford v Cameron, 73 AD2d 1001). They do not establish the date that the partnership was formed. The partnership agreement itself provides on the signature page that "this [a]greement is executed effective as of the date first above written". That date is December 1, 1974. There is nothing further in the record or the agreement to indicate that the partnership was formed on a later date. Furthermore, petitioner does not explain why, if the partnership was formed on a later date, it was necessary in the agreement to give it retroactive effect to December 1, 1974.

This analysis supplies a rational basis for respondents' conclusion that December 1, 1974 was the date that the partnership was formed. Inasmuch as that date preceded the FHA allowance of the "builders profit" on December 16, 1974, there was a "relationship" between the parties that belies petitioner's claim that the building contract was an "arm's length" transaction and justifies the disallowance of $160,000, the "builders profit", in the computation of petitioner's 1982 Medicaid reimbursement rate under 10 NYCRR 86-2.26 (see, Matter of Cantor v Axelrod, 63 NY2d 965, 967). The judgment of Supreme Court should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.