■ JOHN SHANNON et al., Respondents-Appellants, v MTA METRO-NORTH RAILROAD et al., Appellants-Respondents. [704 NYS2d 208] —Order, Supreme Court, New York County (Robert

Lippmann, J.), entered May 27, 1999, which, *inter alia*, denied defendants' motion for summary judgment insofar as it sought dismissal of plaintiffs' cause of action for intentional infliction of emotional distress but granted the motion insofar as to dismiss the cause of action for tortious interference with contractual relations, unanimously modified, on the law, to deny defendants' motion to dismiss the claim for tortious interference with contractual relations and to reinstate that cause, and otherwise affirmed, without costs.

Assuming the truth of the facts pleaded, plaintiff John Shannon's detailed allegations that defendants intentionally and maliciously engaged in a pattern of harassment, intimidation, humiliation and abuse, causing him unjustified demotions, suspensions, lost pay and psychological and emotional harm over a period of years, were sufficient to support the cause of action for intentional infliction of emotional distress (*see, Vasarhelyi v New School for Social Research*, 230 AD2d 658, 661). The motion court also properly concluded that the cause of action was not barred by the one-year Statute of Limitations (CPLR 215) and that it was instead governed by the continuing tort doctrine, permitting the plaintiff to rely on wrongful conduct occurring more than one year prior to commencement of the action, so long as the final actionable event occurred within one year of the suit (*see, Ain v Glazer*, 257 AD2d 422; *Drury v Tucker*, 210 AD2d 891). In addition, we agree with the Federal courts that previously heard this action, that the intentional infliction of emotional distress cause of action was not preempted by the Railway Labor Act (*see, Hawaiian Airlines v Norris*, 512 US 246; *Harris v Hirsh*, 86 NY2d 207).

The motion court, however, erred in dismissing plaintiff's cause of action for tortious interference with contractual relations for failure to state a cause of action. Accepting plaintiff's allegations as true and viewing the facts in the light most favorable to him, as we must in this procedural context (*see, O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106), plaintiff sufficiently alleged the existence of a valid contract, defendants' knowledge of that contract, defendants' intentional procurement of the breach of that contract and resulting damages (*see, Kronos, Inc. v AVX Corp.*, 81 NY2d 90). Contrary to the court's conclusion, plaintiff's allegations sufficiently alleged conduct on the part of the individual defendants falling outside the scope of their employment (*see, Cavanaugh v Doherty*, 243 AD2d 92; *and see, Hoag v Chancellor, Inc.*, 246 AD2d 224). Concur—Nardelli, J. P., Tom, Wallach, Rubin and Andrias, JJ.