■ In the Matter of CITY OF ROME, Respondent, v STATE OF NEW YORK PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants. [726 NYS2d 153] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Torraca, J.), entered March 23,

2000 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to partially annul a remedial order that respondent Public Employment Relations Board issued in an improper practice proceeding.

From October 1986 until December 1995, Marilyn McLiesh was employed as petitioner's deputy assistant purchasing agent. In December 1995, the incumbent purchasing agent resigned his position and McLiesh was appointed acting purchasing agent by petitioner's Mayor. McLiesh thereafter fulfilled the duties of purchasing agent, mainly reviewing requisitions, putting together contracts for bidding, reporting to petitioner's Board of Estimate and Contract and maintaining surplus property. In January 1998, petitioner eliminated the position of purchasing agent and transferred the work previously performed by McLiesh to employees in the Oneida County Purchasing Department and petitioner's Treasurer's office.

In February 1998, McLiesh's bargaining unit, respondent Civil Service Employees Association, Local 1000, AFSCME, AFL-CIO, Inc., City of Rome Unit, Oneida County Local 833 (hereinafter CSEA), brought an improper practice charge alleging that petitioner had impermissibly assigned bargaining unit work to nonunit employees without first bargaining with CSEA. Ultimately, respondent Public Employment Relations Board (hereinafter PERB) determined that petitioner violated Civil Service Law § 209-a (1) (d) when it unilaterally transferred the responsibilities of the acting purchasing agent to petitioner's Treasurer and Deputy Treasurer and ordered that petitioner immediately restore the oversight and review duties performed by the acting purchasing agent to the unit represented by CSEA, offer McLiesh reinstatement to her former position and make McLiesh whole for lost wages, benefits and conditions of employment from the effective date of her separation from service to the effective date of the offer of reinstatement.

Petitioner thereafter commenced this CPLR article 78 proceeding challenging PERB's decision upon the ground that ordering reinstatement and back pay to McLiesh violated NY Constitution, article V, § 6. CSEA intervened in the proceeding by stipulation of the parties. Ultimately Supreme Court determined that McLiesh's continued service as an acting purchasing agent beyond the three-month period for temporary appointments permitted by Civil Service Law § 64 (1) violated NY Constitution, article V, § 6 and that PERB therefore exceeded its authority by directing McLiesh's reinstatement. Supreme Court therefore granted the petition and annulled so much of PERB's decision as directed back pay, benefits and reinstatement. CSEA and PERB now appeal.

As a threshold matter, we agree with respondents that McLiesh's unfortunate death during the pendency of the appeal did not render the appeal moot. Notably, an award of back pay, which is primarily at issue here, would inure to the benefit of McLiesh's estate (*see*, EPTL 11-3.2; *Mendoza v State Div. of Human Rights*, 74 AD2d 508, 510).

On the merits, we are not persuaded that Supreme Court erred in its determination to grant the petition. Contrary to respondents' assertion, we do not read either *Preddice v Callanan* (69 NY2d 812) or *Matter of State Div. of Human Rights (Cottongim) v County of Onondaga Sheriff's Dept.* (71 NY2d 623) as authorizing McLiesh's reinstatement with back pay in this case. In *Preddice v Callanan* (*supra*), the Court of Appeals determined that the petitioner was not entitled to reinstatement to his position as a provisional employee with the State Division of Probation and to back pay, notwithstanding a jury determination that he had been discharged in bad faith. The Court's actual holding is that, because appointments made pursuant to Civil Service Law § 65 are provisional in nature and provisional employees have no expectation of tenure and rights attendant thereto except under the limited circumstances specified in Civil Service Law § 65 (4), they may be terminated at any time without charges preferred, a statement of reasons given or a hearing held (*Preddice*, at 813-814). Respondents place their entire reliance upon the further generalized dictum that "[w]hile other remedies may be available to provisional employees terminated in violation of a constitutional provision or some statute reinstatement and back pay are not available in this case" (*id.*, at 814).

Although the Court of Appeals' decision in *Matter of State Div. of Human Rights (Cottongim) v County of Onondaga Sheriff's Dept.* (*supra*) is of somewhat greater utility to respondents, it may be easily distinguished from the present case. There, the petitioner had discriminated against the complainant on the basis of race and sex when it compelled her to resign her position as a Deputy Sheriff. Notably, although the complainant was determined to be a so-called *Flaherty* employee (*see*, *Matter of Flaherty v Milliken*, 193 NY 564) and, as such, an "at will" employee not protected from discharge under the Civil Service Law (*see*, *Matter of State Div. of Human Rights [Cottongim] v County of Onondaga Sheriff's Dept.*, *supra*, at 628), there is no indication that at the time of discharge her employment violated NY Constitution, article V, § 6. Thus, the complainant's reinstatement did not have the effect of putting her back into a constitutionally invalid position. Further, the

discriminatory discharge of the complainant constituted a clear violation of the Federal and State Constitutions. In this case, the transfer of McLiesh's responsibilities to nonunit workers did not, of itself, violate any law. Rather, it was petitioner's failure to negotiate the transfer with PERB that violated Civil Service Law § 209-a (1) (d).

We agree with petitioner that this case is more properly governed by our prior decision in *Matter of Village of Scotia v New York State Pub. Empl. Relations Bd.* (241 AD2d 29), where we concluded that the complainant, who had been impermissibly demoted from police sergeant to patrolman, could not be restored to his prior position because he was not on a current eligibility list for that position (*id.*, at 32-33). Here, the evidence shows that, although McLiesh had been on an eligibility list for the position of purchasing agent, that list expired on April 25, 1987 and would, in any event, have expired by operation of law at the end of four years (*see*, Civil Service Law § 56 [1]). It is also undisputed that subsequent to that time, McLiesh took no test and was on no eligibility list for the position of purchasing agent. It necessarily follows that, at the expiration of three months following McLiesh's appointment as "acting" purchasing agent (*see*, Civil Service Law § 64), her employment in that position violated the requirement of NY Constitution, article V, § 6 that "[a]ppointments and promotions in the civil service * * * be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive." In our view, PERB's effort at justifying its remedial order by pointing out that it did not restore McLiesh to the position of purchasing agent but, rather, to her prior position of "acting" purchasing agent, fails to recognize that the latter position was itself violative of NY Constitution, article V, § 6.

The parties' remaining contentions, including the various arguments seeking remittal to PERB, either need not be considered or have been considered and found to be lacking in merit.

Crew III, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.