■ STACY BALLEN-STIER, Respondent-Appellant, v HAHN & HESSEN, L. L. P., et al., Appellants-Respondents. [727 NYS2d 421] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered January 5, 2001, which, to the extent appealed from, denied defendants' motions to dismiss plaintiff's first, second, seventh and eighth causes of action, unanimously modified, on the law, to dismiss the seventh and eighth causes of action for retaliation under the New York City Human Rights Law, and otherwise affirmed, without costs.

We find that plaintiff became a partner of defendant law firm effective January 1, 1997, as expressly stated in the Partnership Agreement which plaintiff signed (*see, Matthews v Burns,* 205 Misc 1006, 1013; *see also, Matter of Rockaway Care Ctr. v Axelrod,* 167 AD2d 747). The contrary finding of the motion court improperly renders meaningless the retroactivity clause of the Agreement (*see, e.g., Two Guys from Harrison-N. Y. v S.F.R. Realty Assocs.,* 63 NY2d 396, 403; *Matter of Trump [Refco Props.],* 194 AD2d 70, 75, *lv denied* 83 NY2d 754). We also find that plaintiff was a bona fide partner of the firm (*see, Serapion v Martinez,* 119 F3d 982, 991-992, *cert denied* 522 US 1047; *Wheeler v Hurdman,* 825 F2d 257, 273-275, *cert denied* 484 US 986; *Ehrlich v Howe,* 848 F Supp 482).

Although plaintiff's status as a partner bars her from suing for acts that occurred during her partnership (*Levy v Schnader,*

*Harrison, Segal & Lewis*, 232 AD2d 321), the amended complaint alleges acts that occurred when she was an associate, for which she may recover. Contrary to defendants' contention, plaintiff's claims for sexual harassment that occurred when she was an associate are not time-barred. Since plaintiff became a partner on January 1, 1997, when the claims ceased to be actionable, she had until December 31, 1999 to file suit. Plaintiff met this deadline by filing her complaint on December 29, 1999.

Defendants contend that plaintiff's claims are time-barred because she failed to allege specific acts of sexual harassment during the three-day period, December 29 to December 31, 1996. However, it is alleged that defendant Blejwas' relentless harassment of plaintiff created a hostile and abusive work environment for her, which continued on an "on-going pervasive basis," starting from shortly after the commencement of plaintiff's association with the defendant firm "until the very end of the association" and continuing even when plaintiff was away from the office. Thus, there was a continuing impact from Blejwas' conduct throughout plaintiff's employment with defendant firm and her claim is not time-barred (*see, Tiffany & Co. v Smith*, 224 AD2d 332; *Mendoza v State Div. of Human Rights*, 74 AD2d 508, 509). Contrary to defendant Blejwas' contention, plaintiff's allegations of sexual harassment are not conclusory but quite specific.

Defendant law firm argues that plaintiff's sexual harassment claim should be dismissed based on the affirmative defense that, upon learning of plaintiff's complaint, it took immediate, remedial action approved of by plaintiff. However, factual issues regarding the efficacy of defendant firm's actions preclude dismissal at this stage.

Plaintiff's claims for retaliation, however, should be dismissed since they are based solely on acts occurring during her tenure as a partner that affected her partnership rather than her employment status (*see, Levy v Schnader, Harrison, Segal & Lewis, supra*). While it is true that the term "employee" as used in the anti-discrimination statutes encompasses former employees (*see, Robinson v Shell Oil Co.*, 519 US 337; *Pantchenko v Dolge Co.*, 581 F2d 1052, 1055), here, the claimed acts of retaliation are acts that uniquely pertain to plaintiff's status as partner. In any event, plaintiff cannot establish an element of a prima facie case for retaliation, i.e., an adverse *employment* action as a result of the alleged retaliation (*see, Matter of Pace Univ. v New York City Commn. on Human Rights*, 200 AD2d 173, 182-183, *revd on other grounds* 85 NY2d 125). Here,

the only retaliatory acts concerned her status as a partner. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.