■ In the Matter of JAMES E. CLOSE, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [840 NYS2d 660]—

Lahtinen, J. Proceeding pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Division of Human Rights which, inter alia, awarded petitioner back pay on his complaint against the State of New York and respondent Department of Environmental Conservation for discriminatory hiring practices.

Petitioner was employed in the title of Solid Waste Specialist II (grade 23) at respondent Department of Environmental Conservation (hereinafter the employer) and applied for a promotion to the provisional position of Solid Waste Specialist III (grade 27). After learning that a female with significantly less educational qualifications and work experience had been appointed to the position, petitioner eventually filed a complaint with respondent State Division of Human Rights alleging that the employer had engaged in unlawful discriminatory practices by denying him the promotion based on his gender. Following a hearing, the Commissioner of Human Rights determined that the employer had unlawfully discriminated against petitioner by denying him the promotion based on his gender. The Commissioner awarded petitioner differential back pay for the nine-month provisional appointment period (*see* Civil Service Law § 65), interest on the back pay, and mental anguish damages of $10,000. Petitioner commenced the current proceeding, which was transferred to this Court, arguing that the Commissioner's order should have provided him with a permanent promotion and that his back pay should not have been limited to the nine-month provisional period.

Upon finding that unlawful discrimination has occurred at a job, "the Commissioner has broad powers to grant relief 'reasonably related to the discriminatory conduct' " (*Matter of Freudenthal v County of Nassau*, 99 NY2d 285, 291 [2003], quoting *Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]). The Commissioner's broad remedial powers apply to public employers, but, as a general rule, the Commissioner cannot direct relief from public employers that "would in effect deprive the appointing authority of the

power of selection" (*City of Schenectady v State Div. of Human Rights*, 37 NY2d 421, 430 [1975]; *see State Div. of Human Rights v Human Rights Commn. of Syracuse & Onondaga County*, 79 AD2d 181, 183-184 [1981]). This principle is typically applied in cases implicating the one-in-three rule of Civil Service Law § 61 (*see e.g. Matter of Andriola v Ortiz*, 82 NY2d 320, 324-325 [1993], *cert denied* 511 US 1031 [1994]). Provisional appointments, as here, pursuant to Civil Service Law § 65 involve similar discretionary selection power of the appointing agency since such appointments carry "no expectation of tenure and rights attendant thereto" (*Matter of City of Rome v State of N.Y. Pub. Empl. Relations Bd.*, 283 AD2d 817, 819 [2001], *appeal dismissed* 96 NY2d 936 [2001], *lv denied* 97 NY2d 607 [2001]; *see* Civil Service Law § 65 [2]) and, in any event, only serve to fill a vacancy "until a selection and appointment can be made after competitive examination" (Civil Service Law § 65 [1]).

The general rule, however, is not absolute and, in narrow situations implicating compelling circumstances, the Commissioner may direct action that infringes on some of the statutory discretion of a public employer since "[t]he governmental policy against discrimination enjoys the highest statutory priority" (*Matter of Beame v DeLeon*, 87 NY2d 289, 296 [1995]). *Beame* involved a directive by the Commissioner to make retroactive seniority adjustments for female police officers in the face of findings that a continuing, systematic pattern of discrimination existed which affected numerous officers and that, if those officers had been considered in good faith, they would have received the earlier seniority. While *Beame* upheld the retroactive seniority adjustments, it did not permit a promotion before establishing eligibility by competitive examination, since such action would be violative of the NY Constitution (*id.* at 297-298).

Here, even if petitioner had been appointed to the provisional position, the decision whether to permanently appoint him, or one of the other two candidates, rested with the employer. The type of narrow and compelling circumstances implicated in *Beame* are not present in this record. Moreover, the opening for the Solid Waste Specialist III (grade 27) position resulted from a provisional promotion of another person to a grade 31 position and that person reverted back to the grade 27 position when he failed to pass the Civil Service examination for the grade 31 position. In essence, the permanent position was no longer available when the provisional appointment expired. The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.