■ Mintz & Gold, LLP, Appellant-Respondent, v Daniel Zimmerman, Respondent, and Steven Cohn, P.C., et al., Respondents-Appellants. [898 NYS2d 116]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 10, 2009, which granted the motions of defendants Zimmerman and Cohn and the cross motion of defendant Hart for summary judgment to the extent of dismissing as time-barred so much of the first cause of action as based on acts that occurred more than one year prior to the filing of this action, unanimously reversed, on the law, with costs, the motions denied, and the first cause of action reinstated in its en-

tirety. Cross appeal by defendants Cohn and Hart from so much of the order as determined that the relevant accrual date was November 7, 2007, dismissed, without costs, as academic.

This action, brought pursuant to Civil Rights Law § 70, is in the nature of a claim for malicious prosecution claim, governed by a one-year statute of limitations (CPLR 215 [3]). The court erred in finding that defendants' tortious conduct ceased during the period between the 2005 dismissal of their unauthorized action against plaintiff in Nassau County and their notice of appeal from that dismissal, and that a new cause of action accrued when that notice was filed, continuing through dismissal of the appeal by the Appellate Division, Second Department, on November 7, 2007 (45 AD3d 575 [2007]). Rather, defendants' planning and filing of an appeal was simply a continuation of their tortious conduct in bringing and continuing an unauthorized action (*see Ballen-Stier v Hahn & Hessen*, 284 AD2d 263 [2001], *lv dismissed* 97 NY2d 699 [2002]). Inasmuch as the final actionable event (dismissal of that appeal) occurred within one year of—and actually was preceded by—the commencement of the present action, plaintiff may rely on wrongful conduct occurring more than a year prior to that commencement (*see Shannon v MTA Metro-N. R.R.*, 269 AD2d 218 [2000]). Concur—Mazzarelli, J.P., Sweeny, Nardelli, Acosta and Manzanet-Daniels, JJ. **[Prior Case History: 22 Misc 3d 1133(A), 2009 NY Slip Op 50419(U).]**