■ RICHARD ESTREICHER, Appellant, v MICHAEL ONER, Respondent. [49 NYS3d 530]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated August 4, 2015, which denied his motion to dismiss, as time-barred, so much of the defendant's counterclaim to recover damages for intentional infliction of emotional distress as was based on alleged wrongful conduct occurring prior to September 29, 2013.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action on August 27, 2014, alleging that on September 10, 2013, the defendant committed an assault and battery upon him causing personal injuries. On or about September 29, 2014, the defendant interposed an answer with counterclaims alleging, as a third counterclaim, a cause of action to recover damages for intentional infliction of emotional distress. The third counterclaim, along with the defendant's verified amended bill of particulars, set forth allegations of a longstanding campaign of deliberate, systematic, and malicious harassment and intimidation by the plaintiff against the defendant commencing in November 2000 and continuing through November 2013. The plaintiff moved to dismiss so much of the third counterclaim as was based on conduct occurring prior to September 29, 2013, which is one year prior to the interposition of the counterclaim. The Supreme Court denied the motion, and the plaintiff appeals.

Contrary to the plaintiff's contention, the Supreme Court

properly concluded that so much of the defendant's third counterclaim as was based on conduct occurring prior to September 29, 2013, was not barred by the one-year statute of limitations (*see* CPLR 215), and that it was instead governed by the continuing tort doctrine, which permits claims based on "wrongful conduct occurring more than one year prior to commencement of the action, so long as the final actionable event occurred within one year of the suit" (*Shannon v MTA Metro-N. R.R.*, 269 AD2d 218, 219 [2000]; *see Mintz & Gold, LLP v Zimmerman*, 71 AD3d 600, 601 [2010]; *cf. Misek-Falkoff v International Bus. Machs. Corp.*, 162 AD2d 211, 211 [1990]; *Weisman v Weisman*, 108 AD2d 853, 854 [1985]). The counterclaim was supported by factual allegations that the plaintiff engaged in a continuing and concerted campaign of harassment and intimidation of the defendant that progressed from, among other things, calling the defendant, his family, and guests ethnic and racial epithets and throwing items onto his property to eventually making threats of violence, making false criminal accusations, committing assault and battery against the defendant, and continuing to engage in threatening and intimidating conduct nearly two months after the physical confrontation that is the subject of the plaintiff's complaint (*see Eves v Ray*, 42 AD3d 481, 482-483 [2007]; *see also Howell v New York Post Co.*, 81 NY2d 115, 122 [1993]). The final actionable event, allegedly occurring in November 2013, fell within one year of the defendant's service of the verified answer with counterclaims (*see Mintz & Gold, LLP v Zimmerman*, 71 AD3d at 601; *Shannon v MTA Metro-N. R.R.*, 269 AD2d at 219).

In light of our determination, we need not reach the plaintiff's remaining contentions. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.