■ Jose Cruz, Appellant, v City of New York et al., Respondents. [50 NYS3d 359]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered August 17, 2015, which, insofar as appealed from as limited by the briefs, granted the branch of defendant City of New York's motion that sought dismissal of plaintiff's 42 USC § 1983 cause of action, and denied plaintiff's request for a default judgment, unanimously affirmed, without costs.

The three-year limitations period on a section 1983 claim based on false arrest begins to run "when the alleged false imprisonment ends"—that is, when the arrestee becomes subject to the legal process such as being "bound over by a magistrate or arraigned on charges" (*Wallace v Kato*, 549 US 384, 389 [2007]). Here, because plaintiff was arraigned on July 16, 2011, the limitations period on his section 1983 claim based

on false arrest ended on July 16, 2014, approximately three months before plaintiff filed this action. Accordingly, the claim is time-barred.

To the extent plaintiff's complaint alleges a section 1983 cause of action based on malicious prosecution, the claim is insufficient because it fails to state nonconclusory allegations of malice and lack of probable cause for plaintiff's arrest (*see Savino v City of New York*, 331 F3d 63, 72 [2d Cir 2003]). Nor does it allege that the individual defendants acted pursuant to a municipal policy or custom (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 691 [1978]).

We have considered the remaining contentions and find them unavailing. Concur—Richter, J.P., Mazzarelli, Kahn and Gesmer, JJ.