Brummer v Wey (2020 NY Slip Op 05846)





Brummer v Wey


2020 NY Slip Op 05846


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 153583/15 Appeal No. 12135-12136N-12136NA Case No. 2020-1794, 2020-00882 

[*1]Christopher Brummer, Plaintiff-Appellant,
v
Benjamin Wey, et al., Defendants-Respondents, FNL Media LLC, Defendant. Financial Industry Regulatory Authority, Inc., Non-Party Appellant.


Clarick Gueron Reisbaum LLP, New York (Nicole Gueron of counsel), for Christopher Brummer, appellant.
Davis Polk & Wardwell LLP, New York (Edmund Polubinski III of counsel), for Financial Industry Regulatory Authority, Inc., appellant.
Lupkin PLLC, New York (Jonathan D. Lupkin of counsel), for respondents.



Order, Supreme Court, New York County (Lucy Billings, J.), entered July 29, 2019, which granted defendants Benjamin Wey and New York Capital LLC d/b/a New York Global Group's (defendants) motion to quash a nonparty subpoena issued to Verizon Online LLC and for a protective order, unanimously reversed, on the law, with costs, and the motion denied. Order, same court and Justice, entered September 20, 2019, which, insofar as appealed from, denied in part plaintiff's motion for leave to file a second amended complaint, unanimously reversed, on the law and the facts, with costs, and the motion granted in full. Order, same court and Justice, entered January 28, 2020, which granted defendants' motion to compel pursuant to the terms of stipulation between itself and nonparty Financial Industry Regulatory Authority, Inc. (FINRA), unanimously reversed, on the law, with costs, and the motion denied.
Leave to amend a complaint should be freely given absent prejudice or surprise so long as the proposed claims are not palpably insufficient or devoid of merit (see McGhee v Odell, 96 AD3d 449, 450 [1st Dept 2012]; CPLR 3025[b]). Here, the court should have granted plaintiff leave to file the second amended complaint to include the subsequent allegations of defamation (Gottwald v Sebert, 172 AD3d 445 [1st Dept 2019]; Pickholz v First Boston, 202 AD2d 277 [1st Dept 1994]). Further, the allegations of intentional infliction of emotional distress alleged in the proposed second amended complaint are "governed by the continuing tort doctrine, permitting the plaintiff to rely on wrongful conduct occurring more than one year" prior to seeking leave to amend (Shannon v MTA Metro-N. R.R., 269 AD2d 218, 219 [1st Dept 2000]; see Estreicher v Oner, 148 AD3d 867, 867-868 [2d Dept 2017]). The court improvidently exercised its discretion in denying leave to amend insofar as plaintiff sought to allege claims for assault and battery, which show the scope of defendants' alleged harassment and, as such, are inextricably interrelated to the intentional infliction of emotional distress claim.
The information subpoena from nonparty Verizon Online LLC by plaintiff was not "utterly irrelevant" or obviously futile (Matter of Kapon v Koch, 23 NY3d 32, 34 [2014]). In any event, the time period for which plaintiff sought the information is directly relevant to the updated allegations in the second amended complaint.
We reject defendants' argument that the stipulation between them and FINRA compelled the latter to disclose records containing direct communications between it and plaintiff. Pursuant to the plain meaning of the stipulation, FINRA agreed only to produce communications between and among itself and other third parties to this litigation regarding plaintiff or the individual defendant. Since plaintiff is a party, direct communications with him are not covered. We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020