Mees v Stibbe N.Y. B.V. (2021 NY Slip Op 04106)





Mees v Stibbe N.Y. B.V.


2021 NY Slip Op 04106


Decided on June 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 29, 2021

Before: Manzanet-Daniels, J.P., Kern, Mazzarelli, Shulman, JJ. 


Index No. 150975/19 Appeal No. 14131-14131A Case No. 2020-02302, 2020-03242 

[*1]Heleen Mees, Plaintiff-Appellant,
v
Stibbe New York B.., et al., Defendants-Respondents.


Heleen Mees, appellant pro se.
Furman Kornfeld & Brennan LLP, Elmsford (Christopher D. Skoczen of counsel), for Stibbe New York, B.V., respondent.
Katsky Korins LLP, New York (Adrienne B. Koch and David L. Katsky of counsel), for Willem H. Buiter, Adrienne B. Koch and Katsky Korins LLP, respondents.
Quirk and Bakalor, P.C., Garden City (Timothy J. Keane of counsel), for Timothy J. Keane, Quirk & Bakalor, P.C., and Willem H. Buiter, respondents.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered October 9, 2019, which denied as academic plaintiff's motion to, in effect, add Stibbe N.V. as a party defendant, unanimously affirmed, without costs. Order, same court and Justice, entered June 3, 2020, which, to the extent appealed from, granted defendants Adrienne B. Koch, Katsky Korins LLP, Timothy J. Keane, Quirk & Bakalor P.C., and Willem H. Buiter's motion for injunctive relief and sanctions enjoining plaintiff from commencing, either pro se or by counsel, any actions in the State of New York, without leave of the court or of the Administrative Judge of the Supreme Court, New York County, Civil Branch, against Buiter, his family, or his counsel based on the alleged underlying facts and from making any further motions in the instant action or a related action without leave, and denied plaintiff's cross motion for leave to amend the pleadings to add Stibbe N.V. as a party defendant, unanimously affirmed, without costs.
We address the motion court's orders out of sequence as resolution of the latter renders the appeal from the former academic. Plaintiff's cross motion to further amend her complaint to add Stibbe N.V. as a party defendant was properly denied as the proposed claims are palpably insufficient (see Brummer v Wey, 187 AD3d 566 [1st Dept 2020]). Indeed, all of the proposed causes of action would be barred by one-year statutes of limitations (see CPLR 215[3]). The proposed prima facie tort claim is essentially an intentional tort claim (see Havell v Islam, 292 AD2d 210 [1st Dept 2002]). Similarly, the claims denominated negligent infliction of emotional distress and negligence are supported solely by allegations of intentional conduct (see Trayvilla v Japan Airlines, 178 AD3d 746, 747 [2d Dept 2019], appeal dismissed, lv denied 35 NY3d 1107 [2020], cert denied __ US __, 2021 WL 1951855, 2021 US LEXIS 2532 [2021]).
Given the protracted state, federal, and international civil and criminal litigation campaign that plaintiff has waged against these defendants, the court providently exercised its discretion in enjoining plaintiff from further litigating the alleged underlying facts against defendants without prior judicial approval (see e.g. Pfeiffer v Imperatore, 158 AD3d 497 [1st Dept 2018], lv denied 32 NY3d 908 [2018]; Banushi v Law Off. of Scott W. Epstein, 110 AD3d 558 [1st Dept 2013]).
In view of the motion court's dismissal of the first amended complaint and denial of plaintiff's cross motion to amend, there is no action pending to which Stibbe N.V. can
be added as a party defendant. Accordingly, plaintiff's appeal from the October 9, 2019 order, and all remaining arguments, are academic.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2021