Black v City of New York (2025 NY Slip Op 06641)

Black v City of New York

2025 NY Slip Op 06641

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 26000/19|Appeal No. 4910|Case No. 2024-03203|

[*1]Jarrel Black, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.

Sacco & Fillas, LLP, Astoria (Justin M. Bettis of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 14, 2024, which denied plaintiff's cross-motion to amend the complaint to add individually named defendants under CPLR 3025 and 203 and granted defendants' motion to dismiss the complaint and for summary judgment dismissing the complaint, unanimously affirmed, without costs.
As a preliminary matter, leave to amend, by which plaintiff sought to add the individual police officers as named defendants, was properly denied. Among other things, the claims against them are now time-barred, and plaintiff cannot rely on the relation-back doctrine. Although the new claims arise from the same transaction or occurrence as the original claims, the proposed defendants and the City are not "united in interest" because "[t]he City cannot be held vicariously liable for its employees' violations of 42 USC § 1983" (Thomas v City of New York, 154 AD3d 417, 418 [1st Dept 2017]; see Matter of Nemeth v K-Tooling, 40 NY3d 405, 407-408 [2023]). Moreover, the proposed defendants have entirely different defenses (see Higgins v City of New York, 144 AD3d 511, 513-514 [1st Dept 2016]). We note that as early as December 7, 2018, well before the expiration of any statute of limitations, plaintiff was aware of the identity of at least one of the officers, who was identified by name and shield number in his notice of claim. Although the officer named other witnesses to the events in question within the statutory period, plaintiff made no effort to amend his complaint to add them at that time. While the City's discovery responses may have been less than prompt or forthcoming, it was incumbent on plaintiff to seek further discovery promptly (see Irvine v City of New York, 232 AD3d 467, 468 [1st Dept 2024]; Misa v Hossain, 42 AD3d 484, 486 [2d Dept 2007]). Plaintiff cannot claim that he failed to name the proposed defendants because of any mistake, nor did he demonstrate that the proposed defendants knew or should have known that, but for a genuine mistake on his part, they would have been named as defendants, especially given the passage of time (see Crawford v City of New York, 129 AD3d 554, 555 [1st Dept 2015]).
Plaintiff's causes of action for malicious prosecution and abuse of process were properly dismissed. To state a claim for malicious prosecution, a plaintiff must assert non-conclusory allegations that the defendant commenced or continued a criminal proceeding against the plaintiff, termination of the proceeding in plaintiff's favor, actual malice, and lack of probable cause to initiate the prosecution (see Mendez v City of New York, 137 AD3d 468, 471 [1st Dept 2016]). Actual malice requires allegations that the City "commenced the prior criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served" (Burgos-Lugo v City of New York, 146 AD3d 660, 662 [1st Dept 2017] [internal quotation marks omitted]). In this respect, plaintiff's complaint is devoid of anything other than conclusory statements, which are insufficient to support a claim for malicious prosecution (see Cruz v City of New York, 148 AD3d 617, 618 [1st Dept 2017]). As for his abuse of process claim, plaintiff fails to allege that the process, here, the criminal prosecution, was used against him "in a perverted manner," to obtain a collateral objective, or that the process was used improperly after it was issued (see Curiano v Suozzi, 63 NY2d 113, 116 [1984]).
Supreme Court did not err in dismissing plaintiff's claim for false arrest and false imprisonment as time-barred. Plaintiff failed to raise any waiver issue in opposition before Supreme Court, and on appeal plaintiff provides no authority for the proposition that his unpreserved argument may be raised (see e.g. Leveron v Prana Growth Fund I, L.P., 181 AD3d 449, 450 [1st Dept 2020]; Lozano v New York City Hous. Auth., 153 AD3d 1173, 1174 [1st Dept 2017]).
Plaintiff's causes of action sounding in intentional infliction of emotional distress and negligent infliction of emotional distress were both properly dismissed. No claim for intentional infliction of emotional distress lies against the City as a matter of public policy (see Melendez v City of New York, 171 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 914 [2019]), and, in light of our conclusion that the court did not abuse its discretion in denying amendment of the complaint to include individual officers, that claim is moot. Plaintiff's negligent infliction of emotional distress claim is "supported solely by allegations of intentional conduct" and warrants dismissal as a result (Mees v Stibbe N.Y. B.V., 195 AD3d 569, 570 [1st Dept 2021]; see Santana v Leith, 117 AD3d 711, 712 [2d Dept 2014] ["A cause of action to recover damages for negligent infliction of emotional distress, . . . must fail where . . . no allegations of negligence appear in the pleadings"] [internal quotation marks omitted]).
The court properly dismissed plaintiff's causes of action for general negligence and Monell v Department of Social Servs. of City of NY (436 US 658 [1978]) as unopposed. Plaintiff, apparently believing that he would be allowed to amend his complaint, provided no arguments on the merits of the causes of action, and these arguments are unpreserved (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525, 525 [1st Dept 2014]). Even on the merits, plaintiff's Monell claim fails as there is nothing in the complaint alleging that an official policy or custom deprived him of a constitutional right, or that there was a policy or custom that caused his purported injury (see De Lourde Torres v Jones, 26 NY3d 742, 768-769 [2016]; see also Graham v City of New York, 279 AD2d 435 [1st Dept 2001]). Further, general negligence is not a cause of action under the circumstances, because specific torts such as false arrest and false imprisonment must be pleaded (see Ferguson v Dollar Rent A Car, Inc., 102 AD3d 600, 601 [1st Dept 2013], lv denied 21 NY3d 854 [2013]).
As plaintiff concedes, his complaint as against the NYPD was properly dismissed. Under § 396 of the New York City Charter, the NYPD, as a department of the City, cannot be sued independently, as it is "a non-suable agency of the City" (Troy v City of New York, 160 AD3d 410, 411 [1st Dept 2018]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025