Preacely v New York City Hous. Auth.

2026 NY Slip Op 02801

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Woodrow Preacely, Plaintiff-Appellant,

v

New York City Housing Authority, Defendant-Respondent.

Decided and Entered: May 05, 2026

Index No. 153446/24|Appeal No. 6537M-1758|Case No. 2024-07354|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Woodrow Preacely, appellant pro se.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Richard G. Latin, J.), entered on or about October 13, 2024, which granted the motion of defendant New York City Housing Authority (NYCHA) to dismiss the complaint, unanimously affirmed, without costs, and it is ordered that plaintiff is enjoined from commencing any new appeals, motions, or proceedings before this Court without prior approval.

Supreme Court properly dismissed the complaint as barred by a prior injunction order. In a 2021 action against NYCHA in New York County Supreme Court (Preacely v New York City Hous. Auth., New York County index No. 159234/2021), plaintiff maintained that NYCHA had placed him under ongoing surveillance and was harassing and stalking him. The 2021 action followed years of actions making similar allegations against various parties in both state and federal courts. Upon dismissing the complaint by order dated April 7, 2022 Supreme Court (Barbara Jaffe, J.) also enjoined plaintiff from initiating any further litigation against NYCHA with respect to any issues that arose before April 2022 without prior written approval of the administrative judge of New York County Supreme Court. Plaintiff appealed the April 7, 2022 order, but never perfected it, and the appeal was dismissed as abandoned under 22 NYCRR § 1250.10(a) for failure to prosecute.

Plaintiff now argues that the April 7, 2022 order does not bar the commencement of this action because the order enjoined plaintiff only from commencing an action as to events that occurred on or before April 2022. However, plaintiff's allegations in this action, addressed to NYCHA's alleged surveillance, harassment, and stalking after April 2022, are related to the issues that arose in connection with plaintiff's 2021 action against NYCHA. Thus, under the terms of the injunction issued in the 2021 action, plaintiff was enjoined from maintaining this action against NYCHA, as it concerned events occurring before April 2022 and he did not receive prior written approval from the administrative judge (see Mees v Stibbe N.Y. B.V., 195 AD3d 569, 570 [1st Dept 2021]). Furthermore, plaintiff's continued vexatious litigation against NYCHA warrants an injunction against plaintiff barring him from filing new appeals, motions, and proceedings before this Court without prior approval (see Curry v Common Ground Community, H.D.F.C., 146 AD3d 641, 641-642 [1st Dept 2017]).

M-1758 - Preacely v New York City Housing Authority

Motion to take judicial notice of evidence outside the record, denied.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026