OPINION OF THE COURT
 

 Per Curiam.
 

 On this appeal, we hold that the Railway Labor Act’s (RLA) (45 USC § 151
 
 et seq.)
 
 mandatory arbitration provisions for "minor disputes” arising from a collective bargaining agreement do not preempt plaintiffs State-law defamation action. We previously determined that the Appellate Division properly dismissed the defamation action as preempted
 
 (see, Harris v Hirsh,
 
 83 NY2d 734
 
 [Harris I]).
 
 However, the United States Supreme Court granted plaintiffs petition for a writ of certiorari, vacated the judgment in
 
 Harris I,
 
 and remanded the case to us for further consideration in light of its subsequent decision in
 
 Hawaiian Airlines v Norris
 
 (512 US —, 114 S Ct 2239 [1994]). Applying the rule and rationale of
 
 Hawaiian Airlines
 
 on reargument, we now reverse the Appellate Division order dismissing plaintiffs complaint on preemption grounds, and remit to that Court for a consideration of the arguments it failed to address due to its prior disposition.
 

 Plaintiff Joan Harris was employed by Metro North Commuter Railroad as a crew dispatcher and was a member of a union covered by a collective bargaining agreement (CBA) with Metro North. On July 16, 1986, plaintiffs supervisor, defendant Paul Hirsh, called plaintiff into his office to discuss her work performance. Plaintiff alleges that during that meeting, and in the presence of her two immediate supervisors, defendant asked plaintiff whether she had a problem, and then stated: "You take drugs. I’ve worked in the Towers, and I know a person who is on drugs and you look like one. I’ve been thinking about sending you for a drug test.”
 

 Plaintiff first sought an "unjust treatment” hearing pursuant to rule 52 of the CBA. She then commenced this slander
 
 *210
 
 action in State court. Defendant asserted the affirmative defenses that the court lacked subject matter jurisdiction over the suit because it was a "minor dispute” preempted by the RLA, and that his comments were made in the context of a supervisor-employee interview and thus were subject to a qualified privilege. Supreme Court denied defendant’s motion to dismiss on the jurisdictional point. The jury returned a verdict in plaintiff’s favor, finding in a special verdict that defendant (1) committed slander per se, (2) enjoyed a qualified privilege as her supervisor, (3) abused the privilege, and (4) acted with malice when he defamed her. The jury awarded plaintiff $1.2 million in compensatory and punitive damages. Defendant’s motion to set aside the verdict on preemption grounds was denied.
 

 The Appellate Division accepted defendant’s preemption argument, reversed the order denying the motion to set aside the verdict and dismissed the complaint. Because of its disposition, the Court did not address defendant’s additional claims concerning the sufficiency of Harris’ trial proof, the trial court’s evidentiary rulings and the excessiveness of the damages.
 

 This Court affirmed. We broadly defined "minor disputes” preempted by the RLA as those " 'founded upon some incident of the employment relation’ ” (83 NY2d, at 740, quoting
 
 Elgin, Joliet & E. Ry. Co. v Burley,
 
 325 US 711, 723 [1945]), or those " 'based on a matrix of facts which are inextricably intertwined with the grievance machinery of the collective bargaining agreement’ ”
 
 (id.,
 
 quoting
 
 Magnuson v Burlington N,
 
 576 F 2d 1367, 1369 [9th Cir],
 
 cert denied
 
 439 US 930 [1978]). We concluded that "a State defamation
 
 action
 
 — which
 
 typically will not be expressly governed by a specific labor contract term
 
 — will be preempted if the disputed statements were made in connection with conduct authorized by the governing collective bargaining agreement and concerned matters related to the employment relationship”
 
 (id.,
 
 at 741 [emphasis added]). We also expressly rejected plaintiff’s claim that the test for preemption applied in the context of the Labor Management Relations Act (LMRA) (29 USC § 185
 
 et seq.)
 
 pursuant to
 
 Lingle v Norge Div. of Magic Chef
 
 (486 US 399 [1988]) governed RLA preemption.
 

 Relying on those principles, we concluded that plaintiff’s slander action was preempted for two primary reasons: (1) at
 
 *211
 
 the time of the alleged defamation, plaintiff was being interviewed by her supervisor regarding her possible violation of the Metro North substance abuse policy, which was incorporated into the CBA, rendering the alleged tortious conduct "
 
 'inextricably intertwined’ with
 
 a work-related investigation that defendant Hirsh was authorized to undertake by the terms of the CBA”
 
 (Harris I,
 
 83 NY2d, at 742,
 
 supra
 
 [emphasis added]); and (2) adjudication of plaintiff’s State-tort action required
 
 "reference to conduct governed by
 
 the [CBA] since * * * the jury here was required to specifically determine whether defendant’s conduct was qualifiedly privileged under the labor contract and whether he exceeded the scope of that privilege”
 
 (id.,
 
 at 743 [emphasis added]).
 

 The Supreme Court subsequently decided
 
 Hawaiian Airlines v Norris
 
 (512 US —, 114 S Ct 2239 [1994],
 
 supra),
 
 which holds that a State-law action for retaliatory discharge did not involve a "minor dispute” preempted by the RLA because it did not require for its resolution the construction of any CBA terms. Applying the principles enunciated in that case upon this reargument following remand, we now conclude that plaintiff’s defamation action was not preempted by the RLA and reverse the order of the Appellate Division that so holds.
 

 In
 
 Hawaiian Airlines,
 
 the Supreme Court explained that "minor disputes” preempted by the mandatory grievance-to-arbitration provisions of the RLA are those involving a construction of the "duties and rights created or defined by the collective-bargaining agreement” (512 US, at —, 114 S Ct, at 2247), or those where " 'the dispute may be conclusively resolved by interpreting the existing (CBA)’ ”
 
 (id.,
 
 at —, at 2245, quoting
 
 Consolidated Rail Corp. v Railway Labor Executives Assn.,
 
 491 US 299, 305 [1989]). Settling an open question, the Supreme Court ruled in
 
 Hawaiian Airlines
 
 that the LMRA preemption standard adopted in
 
 Lingle v Norge Div. of Magic Chef
 
 (486 US 399 [1988],
 
 supra)
 
 governs RLA preemption cases as well (512 US, at —, 114 S Ct, at 2249). Under that test, a State-law cause of action is preempted if it depends upon an interpretation of the CBA for its resolution
 
 (Lingle,
 
 486 US, at 405-406). Conversely, if the State-law claim involves rights and obligations of the parties that exist independent of the labor contract, it will not be preempted
 
 (id.,
 
 at 406).
 

 Citing its recent decision in
 
 Livadas v Aubry
 
 (512 US —, 114 S Ct 2068 [1994]), the Supreme Court made clear in
 
 *212
 

 Hawaiian Airlines
 
 that the mere need to consult or refer to contract terms during State-court litigation does not render the State-law claim preempted (512 US, at —, n 8, 114 S Ct, at 2248, n 8). Rather, the deciding factor must remain whether " 'the meaning of contract terms is * * * the subject of dispute’ ”
 
 (id.).
 

 Thus, the rule derived from
 
 Hawaiian Airlines
 
 and
 
 Livadas
 
 is that a State-tort action may not go forward if it is based on a disagreement over the construction of terms contained or defined in the parties’ CBA. That is true because interpretation of contract terms is a role exclusively reserved to the Federal arbitrators under the RLA and tort litigation undertaken to resolve the same question would interfere with the body of law developed by the arbitrators. However, as
 
 Lingle
 
 instructs, the fact that State-law litigation might involve the same factual considerations involved in the arbitration of a contract dispute does not itself require preemption. When resolution of the tort litigation hinges on "purely factual questions” about the conduct or motives of employers and employees, even if the conduct takes place during contractually authorized grievance procedures, no interpretation of the contract is required, and thus the State litigation may proceed.
 

 Given this recent clarification of the rule to be applied in RLA preemption cases, we cannot adhere to our original conclusion in
 
 Harris I
 
 that plaintiff’s tort action was preempted because the alleged defamation was "inextricably intertwined” with the grievance process, and because reference to conduct governed by the CBA was required to resolve the litigation. Those standards for determining when a State-law claim is really a disguised "minor dispute” are no longer controlling. The question we now address is whether plaintiff’s State-law defamation claim depends for its resolution on an interpretation or construction of actual terms contained in the CBA. For the following reasons, we answer that question in the negative.
 

 Defendant contends that in order to resolve the litigation, the jury was required to consider the terms of the CBA because the scope of qualified privilege he was entitled to as plaintiff’s supervisor is derived from the contract. However, the scope of any qualified privilege that defendant Hirsh may have enjoyed is defined by State-law precedent
 
 (see, Loughry v Lincoln First Bank,
 
 67 NY2d 369, 377). No actual contract
 
 *213
 
 terms need to be construed to resolve plaintiffs defamation claim. The CBA did not define the scope of the privilege, nor did it purport to govern defamation claims. Indeed, to the extent that the CBA was relevant and may even have been referred to during the course of the tort litigation, it was considered only because it created the occasion for defendant to exercise his common-law qualified privilege by authorizing him to investigate potential employee substance abuse problems. Simply stated, there was no negotiated contract term for arbitrating defamation claims and neither party claims that the other "negotiated away the state law right” or the privilege defense under the contract — circumstances which might otherwise require contract interpretation to determine the degree of the concession
 
 (Livadas,
 
 512 US, at —, 114 S Ct, at 2078,
 
 supra).
 

 Moreover, resolution of plaintiffs defamation action involves "purely factual inquiries” into defendant’s motives and conduct to determine if his speech was made with the requisite malice — a determination not requiring any reference to the CBA’s provisions
 
 (see, Lingle,
 
 at 407,
 
 supra).
 
 Finally, because no construction of a contract term is required to resolve the slander claim, plaintiffs simultaneous pursuit of a grievance proceeding for breach of the collective bargaining agreement would not have resulted in any conflict between the jury’s conclusion — a factual determination — and a decision of the arbitrators — an interpretation of the contract. Thus, in light of the Supreme Court’s subsequent decision in
 
 Hawaiian Airlines,
 
 we conclude that plaintiff’s defamation action was not preempted by the RLA. Because the Appellate Division’s prior ruling that the claim was preempted precluded it from addressing defendant’s remaining claims, including the sufficiency of the trial evidence, certain trial rulings and the excessiveness of the damages awarded, a remittal to that court to review those arguments is warranted.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to that Court for further proceedings in accordance with this opinion.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion; Chief Judge Kaye taking no part.
 

 
 *214
 
 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), upon reargument, following remand by the Supreme Court of the United States, order reversed, with costs, and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.