■ ENID GRIFFITHS, Respondent, v TRIANGLE SERVICES, INC., Appellant, et al., Defendant. [873 NYS2d 583]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 28, 2008, which denied the motion of defendant Triangle Services, Inc. (Triangle) to dismiss the complaint and/or for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Triangle dismissing the complaint as against it.

Plaintiff's defamation action is preempted by section 301 of the Labor Management Relations Act of 1947 (29 USC § 185),

since the claim requires interpretation of a collective-bargaining agreement (CBA). Plaintiff asserts that Triangle (her employer) defamed her when it sent a copy of a letter terminating her employment to the union which represents her, while Triangle maintains that, although not explicitly stated in the CBA, a copy of the letter was required to be sent to the union as it has both the right and obligation to represent employees concerning a termination.

A finding that this defamation claim is independently resolvable would be tantamount to a conclusion that Triangle had no duty to notify the union, and would necessarily be making an interpretation of the CBA (*see Barbe v Great Atl. & Pac. Tea Co., Inc.*, 722 F Supp 1257, 1261 [D Md 1989], *affd* 940 F2d 651 [1991], *cert denied* 502 US 1059 [1992]). Similarly, resolution of the privilege defense advanced by Triangle would require a determination regarding the interests of the parties relative to the union, thereby implicating the area of preemption which the federal statute was intended to cover (*id.* at 1261-1262). Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ. [*See* 2008 NY Slip Op 32098(U).]