■ Abbe Pabon, Respondent, v Tricia Many, Appellant. [952 NYS2d 241]—

The plaintiff was employed by United Parcel Service (hereinafter UPS) as a part-time revenue recovery clerk. She was a member of a bargaining unit represented by Teamsters Local 804 (hereinafter the union), and the terms and conditions of her employment were governed by a collective bargaining agreement (hereinafter CBA) between UPS and the union. The plaintiff commenced this action against the wife of her former supervisor, alleging that the defendant tortiously interfered with her employment contract by making allegations of harassment against her to UPS, resulting in the termination of her employment in violation of the terms of the CBA. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's claim is preempted by section 301 of the Labor-Management Relations Act (29 USC § 185). The Supreme Court denied the motion, and the defendant appeals. We reverse the order appealed from and grant the motion.

A state law cause of action is preempted by section 301 of the Labor-Management Relations Act (29 USC § 185) "if it depends upon an interpretation of the CBA for its resolution" (*Harris v Hirsh*, 86 NY2d 207, 211 [1995]; *see Lingle v Norge Div. of Magic Chef, Inc.*, 486 US 399, 405-406 [1988]). Here, to recover on her state law cause of action alleging tortious interference with contract, the plaintiff must show the existence of a valid contract between her and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *Miller v Theodore-Tassy*, 92 AD3d 650, 651 [2012]). Since an essential element of the plaintiff's cause of action is that UPS actually breached the CBA, resolution of the cause of action requires an interpretation of the CBA to determine whether the plaintiff's termination was justified and procedurally proper under the provisions of the CBA. Therefore, the cause of action is preempted by federal law (*see Lingle v Norge Div. of Magic*

*Chef, Inc.*, 486 US at 405-406; *Anderson v Aset Corp.*, 416 F3d 170, 171-172 [2005]; *Kimbro v Pepsico, Inc.*, 215 F3d 723, 727 [2000]; *Baylis v Marriott Corp.*, 906 F2d 874, 877 [1990]).

The plaintiff's remaining contentions are without merit (*see Kirilescu v American Home Prods. Corp.*, 278 AD2d 457, 457-458 [2000]; *Nyack Hosp. v Progressive Cas. Ins. Co.*, 296 AD2d 482, 484 [2002]).

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Belen and Miller, JJ., concur.