Matter of McLane v AT&T, Inc. (2018 NY Slip Op 07686)





Matter of McLane v AT&T, Inc.


2018 NY Slip Op 07686


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7612 654315/15

[*1]In re Brian McLane, Petitioner-Appellant,
v
AT & T, Inc., et al., Defendants-Respondents, Cerberus Capital Management, L.P., Defendant.


Law Office of Uri Nazryan, PLLC, Brooklyn (Uri Nazryan of counsel), for appellant.
Clifton Budd & DeMaria, LLP, New York (Arthur J. Robb of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered April 17, 2017, which granted the CPLR 3211(a)(7) motion of defendants AT & T, Inc., Yellowpages.com, LLC, YP Holdings, LLC, and Kent Johnson to dismiss the complaint insofar as asserted against them, unanimously affirmed, without costs.
We find that plaintiff's claims are preempted by federal law, pursuant to Labor-Management Relations Act § 301 29 USC § 185), as they require interpretation of a collective bargaining agreement.
Plaintiff's breach of contract claim is premised on his assertions that the parties agreed, as part of his employment contract, that he would be covered by AT & T's collective bargaining agreement (CBA) with a local union, with protections including that plaintiff would not be an at-will employee; that he could not be disciplined without union representation; and that he could not be terminated without three prior warnings; and that defendants breached these provisions. Plaintiff's promissory fraud claim asserts that defendants entered into this agreement knowing that they would not honor it. Finally, plaintiff's tortious interference claim asserts that his supervisor caused defendants to breach the parties' agreement.
Hence, on their face, plaintiff's claims require consideration of the CBA's scope and whether his termination in fact violated the terms of the CBA. Since an essential element of plaintiff's claims is that one or more of the defendants breached the CBA, "resolution of the [claims] requires an interpretation of the CBA to determine whether the plaintiff's termination was justified and procedurally proper under the provisions of the CBA. Therefore, the [claims are] preempted by federal law" (Pabon v Many, 99 AD3d 773, 774 [2d Dept 2012]; see 29 USC § 185[a]; Griffiths v Triangle Servs., Inc., 59 AD3d 278, 278-279 [1st Dept 2009]).
In light of our affirmance on preemption grounds, we need not reach any of the other issues raised in the parties' briefs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK