**Alvarado v Local 1549 - N.Y.C. Clerical Admin. Empls.**

2025 NY Slip Op 31141(U)

April 7, 2025

Supreme Court, New York County

Docket Number: Index No. 155407/2024

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**    **HON. ARTHUR F. ENGORON** | **PART**      **37** |
| *Justice* | |

-----------------------------------------------------------------X

OSCAR ALVARADO,

                 Plaintiff,

           - v -

LOCAL 1549 - N.Y.C. CLERICAL ADMINISTRATIVE
EMPLOYEES, NEW YORK CITY DISTRICT COUNCIL OF
MUNICIPAL LOCAL UNIONS, DISTRICT 37, AMERICAN
FEDERATION OF STATE, COUNTY AND MUNICIPAL
EMPLOYEES,

                 Defendants.

-----------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155407/2024 |
| **MOTION DATE** | 09/16/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 23, 24, 25,

were read on this motion to                 DISMISS

In this action, plaintiff, Oscar Alvarado claims that defendants, several related unions, cheated him out of his severance pay after terminating his employment. His complaint alleges five causes of action: violation of New York Labor Law § 198-c; breach of actual contract; breach of implied contract; promissory estoppel; and quantum meruit. NYSCEF Doc. No. 1.

## Factual Allegations
On August 1, 2010, defendants hired plaintiff as a "Coordinator of Strategic Planning and Special Projects." He was a member of defendant DC37 Professional Employees Union. He was qualified and successful, and defendants never claimed otherwise. In or about September 2022, he was terminated without explanation or cause. Defendants refused to give him the severance pay mandated by his employee manual and union contract. Article XIV of plaintiff's Union Contract (NYSCEF Doc. No. 14) provided:

> Severance pay shall be paid to employees who are discharged . . . Employees
> hired after February 10, 2005 ... shall accrue severance pay of one week's pay for
> every 12 months of service . . .

Plaintiff relied on defendants "policy and practice" of providing severance pay. "Countless" of defendants' employees have received severance pay.

## The Instant Action
In this action, plaintiff seeks severance pay and various forms of related relief, including declaratory relief and attorney's fees. NYSCEF Doc. No. 1.

155407/2024  ALVARADO, OSCAR vs. LOCAL 1549 - N.Y.C. CLERICAL ADMINISTRATIVE         Page 1 of 4
EMPLOYEES ET AL
Motion No. 001

1 of 4

Defendants have answered with a general denial and 15 affirmative defenses. NYSCEF Doc. No. 5.

Defendants now move, pursuant to CPLR 3211(a)(1) and (7), to dismiss the complaint. NYSCEF Doc. No. 7. Defendants argue:

> First, Plaintiff's claims fail under Martin v Curran, which bars non-statutory state law causes of action against unincorporated associations like DC37. Second, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act because they are premised on and require the interpretation of a collective bargaining agreement. Third, Plaintiff's quasi-contract claims fail because Plaintiff pleads that he is entitled to severance under the terms of an express contract. And fourth, Plaintiff's statutory New York Labor Law claim fails because the provision at issue has no private right of action and is preempted by federal law.

NYSCEF Doc. No. 10.

Discussion

Plaintiff was a member of the Federation of Field Representative Municipal Employees Legal Services Staff Association ("FFR"). A collective bargaining agreement (the "FFR CBA") covered plaintiff and other FFR employees.

The Employee Manual

Plaintiff's reliance on his employee manual to claim severance pay fails for several reasons. The manual itself states that it is for "informational purposes only." It further states that it "is not intended to be an express or implied contract nor can it be construed as a legal document." It also states that it "do[es] not supersede the provisions of collective bargaining agreements." The employee manual directs employees covered by the FFR CBA to "refer to the contract provision governing severance payments." In any event, this Court is firmly of the opinion that, generally speaking, employee manuals are not contracts.[1]

Preemption

The principal reason that this court must dismiss the complaint is that the federal Labor Management Relations Act ("LMRA") preempts the state law claims asserted here. 29 USC § 185. Specifically, LMRA § 301(a), "Suits by and against labor organizations," provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

---

[1] Ironically, while purporting to rely on the subject employee manual, plaintiff argues, NYSCEF Doc. No. 24, at 10, that the manual is "deficient as documentary evidence."

**155407/2024 ALVARADO, OSCAR vs. LOCAL 1549 - N.Y.C. CLERICAL ADMINISTRATIVE EMPLOYEES ET AL**
**Motion No. 001**

Page 2 of 4

Although this statute facially governs cases between unions and employers, and addresses where such cases "can" be brought, it has been interpreted to control cases between employees and their unions (and here, the union is the employer), and mandates where cases "must" be brought. A plethora of cases have declared that § 301 preempts state law claims premised on collective bargaining agreements. E.g., Pabon v Many, 99 AD3d 773 (2d Dept 2012),

> A state law cause of action is preempted by section 301 of the Labor-Management Relations Act (29 USC § 185) 'if it depends upon an interpretation of the CBA for its resolution.' ... Since an essential element of the plaintiff's cause of action is that [defendant] actually breached the CBA, resolution of the cause of action requires an interpretation of the CBA to determine whether the plaintiff's termination was justified and procedurally proper under the provisions of the CBA. Therefore, the cause of action is preempted by federal law.

Id. at 774 (citations omitted). See Monumental Blunders, Inc. v CBS Corp., No. 00 Civ. 220(DLC), 2000 WL 777893, at *3 (SDNY) ("Section 301 preempts not only claims directly alleging that a party has violated a provision of the collective bargaining agreement but also those state-law actions that require interpretation or substantial analysis of the terms of a collective bargaining agreement."); IBEW v Hechler, 481 US 851, 859 n.3 (1987) ("when a state-law claim is substantially dependent on analysis of a collective-bargaining agreement, a plaintiff may not evade the pre-emptive force of § 301 of the LMRA by casting the suit as a state-law claim").

Even in opposing the instant motion to dismiss, plaintiff relies on "the terms and conditions of his Employee Manual with DC 37 as well as his Union Contract." NYSCEF Doc. No. 24, at 6. The "union contract" to which this refers is a federally regulated collective bargaining agreement, subject to, and cases brought thereunder are pre-empted by, federal law. Similarly, in Vera v Saks & Co., 335 F3d 109, 114 (2nd Cir 2003), the court held that a claim was preempted because the court would have to interpret a CBA to determine whether the defendant violated a state statute covering commissions.[2]

None of plaintiff's quasi-contract causes of action - breach of an implied contract, promissory estoppel, and quantum meruit - pass muster, because it is hornbook law that when an express contract, here the CBA, governs the parties' relationship, a plaintiff may not assert quasi-contract claims. E.g., Clark-Fitzpatrick, Inc. v Long Island R.R. Co., 70 NY2d 382, 388-89 (1987).

Plaintiff cannot sue under Labor Law § 198-c, which imposes criminal penalties for acts that it outlaws, because that section does not create a private right of action and because the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC ch. 18 § 1001, et seq., preempts it. E.g., Stoganovic v Dinolfo, 92 AD2d 729 (4th Dept 1983) (no "civil liability"), aff'd, 61 NY2d 812 (1984).

---

[2] The court notes in passing that plaintiff's federal claims are probably barred by § 301's six-month statute of limitations, as defendants terminated plaintiff in September 2022, and he commenced the instant action in June 2024, almost two years later.

155407/2024  ALVARADO, OSCAR vs. LOCAL 1549 - N.Y.C. CLERICAL ADMINISTRATIVE
EMPLOYEES ET AL
Motion No. 001

Page 3 of 4

3 of 4

[* 3]

Along these lines, plaintiff states that § 301 "does not preempt state claims when state law confers an independent statutory right to bring a claim," citing Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 221 (1st Dept 2014). Be that as it may, as noted, New York law does not confer an independent right to bring a statutory claim under Labor Law § 198-c, the subject statute. Plaintiff acknowledges that his claims are "supported by the CBA," but argues that "they do not require any CBA interpretation, and are therefore not preempted by Section 301 of the LMRA." NYSCEF Doc. No. 24, at 12. To the contrary, plaintiff's claims are premised on the CBA, which does, or does not, confer, the rights he claims. Whether it does or does not is subject to exclusive federal court subject matter jurisdiction.

Finally, plaintiff's papers engage in a form of "whack-a-mole." After stating that his claims are based on the subject employee manual (which is irrelevant) and his union contract (the CBA, claims pursuant to which are pre-empted), he purports to rely on what he expected (irrelevant), what other people received (ditto), and what he was allegedly told (barred by the parole evidence rule).

In view of the hereinabove, this Court need not and does not reach defendants' argument that Martin v Curran, 303 NY 276 (1951), bars the instant action because it is a non-statutory state law claim against an unincorporated association not all of whose members agreed on the challenged action.

The Final Analysis
In the final analysis, plaintiff has no statutory claim; his breach of contract claim must be brought in federal court; and his quasi-contract claims cannot be maintained because a contract (the FFR CBA) governed the parties' relationship.

Conclusion
Defendants' motion to dismiss is granted, without prejudice to an action in federal court, and the Clerk is hereby directed to enter judgment dismissing the instant action in its entirety.

HON. ARTHUR F. ENGORON

| 4/7/2025 | | ARTHUR F. ENGORON, J.S.C. |
|---|---|---|
| DATE | | |

CHECK ONE:  [X] CASE DISPOSED  [ ] NON-FINAL DISPOSITION
            [X] GRANTED  [ ] DENIED  [ ] GRANTED IN PART  [ ] OTHER
APPLICATION:  [ ] SETTLE ORDER  [ ] SUBMIT ORDER
CHECK IF APPROPRIATE:  [ ] INCLUDES TRANSFER/REASSIGN  [ ] FIDUCIARY APPOINTMENT  [ ] REFERENCE

155407/2024  ALVARADO, OSCAR vs. LOCAL 1549 - N.Y.C. CLERICAL ADMINISTRATIVE EMPLOYEES ET AL
Motion No. 001

Page 4 of 4

[* 4]                                    4 of 4